■ THEODORE MANCUSO, Appellant, v COMPUCOLOR, INC., et al., Respondents.—Judgment of Supreme Court, New York County (Harold L. Galloway, J., and a jury), entered March 6, 1990, which found in favor of the defendants and dismissed plaintiff's complaint, unanimously affirmed, without costs.

The plaintiff commenced this personal injury action to recover for injuries allegedly sustained when he was struck by a vehicle owned by defendant Compucolor, Inc. and driven by defendant Wilfong. The plaintiff's complaint alleged that the accident occurred when the defendants' vehicle turned left at the intersection of Lexington Avenue and East 24th Street in Manhattan, and struck the plaintiff while the plaintiff was in the cross-walk. At trial, defendant Wilfong testified that the accident occurred in the middle of the block on 24th Street, when plaintiff, who was walking on the north side of 24th Street with his back to oncoming traffic, simply walked off the curb into the defendant's vehicle.

The sole issue raised on this appeal concerns the plaintiff's attempt to introduce a police report prepared by the responding officer, P.O. Chiappa, for the purpose of demonstrating, by way of a diagram of the scene appearing thereon, that the accident in fact occurred in the cross-walk and not in the middle of the block on 24th Street between Lexington Avenue and Third Avenue.

The exclusion of the diagram contained in the police report was proper. "A nonwitness police report or diagram purporting to show the location of the vehicles immediately after an accident is admissible when it is shown that the vehicles were not moved before the report or diagram was made * * * such a report or diagram may also be admissible where there are skid marks and measurements have been taken by an officer who is an expert in traffic reconstruction" *(Campbell v Manhattan & Bronx Surface Tr. Operating Auth.,* 81 AD2d 529). No showing of any such factors was made by plaintiff. In

addition, the jury had all of the evidence available to the plaintiff before it and therefore its verdict should not be disturbed on appeal. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.