■ J. William Dyer et al., Respondents, v Norstar Bank, N.A., Appellant.—Order unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Between 4:30 and 5:00 a.m. on September 28, 1988, J. William Dyer (plaintiff) was robbed at gunpoint by an unknown assailant while using an automated teller machine (ATM) owned and operated by defendant. After plaintiff had turned over $200 to the assailant, the assailant fled on foot and plaintiff gave chase. During the chase, plaintiff was shot in the leg by the assailant. In his complaint, plaintiff alleged that his injuries were proximately caused by defendant's negligent failure to provide reasonable security precautions at the ATM. Defendant moved for summary judgment dismissing the complaint as without merit. Supreme Court denied the motion. We reverse.

As the owner of the ATM, defendant had a duty to take reasonable precautions to secure its premises if it knew or had reason to know from past experience " 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety' " of users of the ATM *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519; *see also, Waters v New York City Hous. Auth.,* 69 NY2d 225, 228; *Iannelli v Powers,* 114 AD2d 157, 161, *lv denied* 68 NY2d 604; *Santiago v New York City Hous. Auth.,* 101 AD2d 735, 736, *affd* 63 NY2d 761). The fact that a person using an ATM might be subject to robbery is conceivable, but conceivability is not the equivalent of foreseeability. To hold defendant liable for plaintiff's injury "[would be] to stretch the concept of foreseeability beyond acceptable limits" *(Ventricelli v Kinney Syst. Rent A Car,* 45 NY2d 950, 952; *see also, Williams v First Ala. Bank,* 545 So 2d 26 [Ala]; *Page v American Natl. Bank & Trust Co.,* 1991 WL 121464 [Tenn App]). Thus, because the robbery was not a foreseeable consequence of defendant's alleged negligence, any such negligence was not a proximate cause of plaintiff's injuries, and defendant cannot be held liable for those injuries. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Boehm and Doerr, JJ.