■ KIMBERLY A. MICKELSON, Appellant, v CHARLES W. BABCOCK et al., Respondents.—Order unanimously reversed on the law without costs, motions denied and complaint reinstated. Memorandum: Plaintiff was injured in a two-car head-on collision on Strong Road, a town highway maintained by defendant Town of Tully (Town). She alleged that the driver of the other vehicle, defendant Babcock, was negligent in failing to yield the right of way, driving over the centerline of the highway and driving at an imprudent speed. Plaintiff asserted that the Town was negligent in allowing the shoulders and pavement edges of Strong Road to deteriorate thereby narrowing the usable portion of the highway so that vehicles proceeding in the opposite directions could not safely pass. Plaintiff appeals from an order granting summary judgment in favor of both defendants.

The Town's motion should not have been granted. It submitted no affidavit by a person having first-hand knowledge showing that the Town did not have written notice of the alleged defect in the highway or negating plaintiff's allegations that the highway was in a deteriorated and unsafe condition. The party moving for summary judgment must submit materials in evidentiary form sufficient to negate the existence of all triable issues and to warrant judgment in its favor as a matter of law (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The Town failed to sustain its burden, and Supreme Court should have denied its motion for summary judgment irrespective of the sufficiency of the opposing papers (see, Alvarez v Prospect Hosp., supra).

With respect to the motion of defendant Babcock, he sub-

mitted excerpts of plaintiff's pretrial deposition testimony that she had no recollection of how the accident occurred, excerpts of Babcock's deposition testimony that he was proceeding on the right side of the highway and that the accident occurred in his lane of travel, and a photocopy of a police accident report. Because the accident report was not submitted in evidentiary form, it could not be considered in support of the motion *(see, Grasso v Angerami,* 79 NY2d 813). In opposition, plaintiff submitted her affidavit detailing the circumstances that led to termination of her amnesia and her present recollection of the manner in which the accident occurred. According to plaintiff, she was traveling at a slow rate of speed as far to the right as she could drive with safety and that, as her vehicle proceeded over a knoll, she was confronted by Babcock's vehicle and the collision occurred. The conflicting evidence presented fact issues for the jury to resolve. Babcock nevertheless contends that plaintiff's sudden recollection was contrived in an attempt to resist his motion for summary judgment, and that, as a result, such recollection is of no probative value and should not be considered on summary judgment. Babcock presented no medical evidence to support that contention. Whether plaintiff's deposition testimony and averments regarding amnesia are true, or were feigned to resist summary judgment, presents a credibility issue that cannot be resolved by summary judgment *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341). Defendant's reliance upon *Prunty v Keltie's Bum Steer* (163 AD2d 595) is misplaced. *Prunty* did not involve the effects of amnesia; it involved an attempt by plaintiffs to retract admissions made in the course of pretrial discovery. (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present —Denman, P. J., Pine, Balio, Fallon and Davis, JJ.