■ DOLORES M. GOLOMBEK, as Administratrix of the Estate of PAUL M. GOLOMBEK, Deceased, Appellant, v MARINE MIDLAND BANK, N. A., Respondent and Third-Party Plaintiff. RITE-AID OF NEW YORK, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [598 NYS2d 891] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff's decedent was employed as a security guard for a store located on Bailey Avenue in Buffalo. On October 6, 1987, he accompanied another employee to a nearby branch of defendant Marine Midland Bank (Bank) to make a deposit at the night depository box. During a robbery attempt by an unidentified assailant, plaintiff's decedent was shot and killed. Plaintiff commenced this action alleging that the Bank was negligent in failing to exercise reasonable care in constructing, designing and maintaining its premises in a reasonably safe manner and in failing to warn of the defective and dangerous conditions at the night depository box.

We agree with the IAS Court that this case is controlled by our decision in *Dyer v Norstar Bank* (186 AD2d 1083, *lv denied* 81 NY2d 703). In *Dyer,* the plaintiff was shot at an automated teller machine. We held that the bank, as the owner of the automated teller machine, "had a duty to take reasonable precautions to secure its premises if it knew or had reason to know from past experience ' "that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety" ' of users" of the automated teller machine *(Dyer v Norstar Bank, supra,* at 1083, quoting *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519). Here, the evidence submitted in support of the Bank's motion for summary judgment established that the Bank was not aware of any lighting problem and that there was no history of robberies at the night depository box. In opposition to the Bank's motion, plaintiff submitted an attorney's affidavit, attached to which were excerpts of a transcript of a telephonic conversation with a former Bank custodian, two police reports, and a 1987 annual police report for the City of Buffalo. The transcript of the telephone conversation was not tendered in admissible form; similarly, the police reports were not authenticated and therefore did not constitute evidence in admissible form. Even if we were to consider those documents, however, we would conclude that the criminal act of an unknown third party was not reasonably foreseeable and thus the Bank was not under a duty to perceive and guard against it.

We disagree with plaintiff that our decision in *Dyer (supra)* is in conflict with the holding of the Court of Appeals in *Nallan v Helmsley-Spear, Inc.* (50 NY2d 507, *supra).* In *Nallan,* the Court of Appeals held that, even where there is an extensive history of criminal conduct on the premises, the possessor has no duty to take protective measures unless he knows or has reason to know that there is a likelihood of intentionally harmful conduct by third persons that is likely to endanger the safety of the visitor *(Nallan v Helmsley-Spear, Inc., supra,* at 519, citing Restatement [Second] of Torts § 344, comment *f).* There, evidence of 107 reported crimes in the previous 21 months, including 10 crimes against the person, established a prima facie case against the building's owner. Here, plaintiff submitted, albeit in inadmissible form, evidence of two reported crimes prior to the incident in question: a robbery of the night depository box 22 months earlier and a robbery of the Bank about 10 months earlier. Those two incidents do not give rise to a duty on the Bank's part to anticipate a risk of harm from criminal activity at the night

depository box. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Fallon and Boehm, JJ.