■ JOANNE CERCONE, Individually and as Limited Administratrix of the Estate of KEVIN G. CERCONE, Deceased, Appellant, v NORSTAR BANK, N. A., INC., Respondent, et al., Defendant. NORSTAR BANK, N. A., INC., Third-Party Plaintiff, v METROMEDIA STEAKHOUSES, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [608 NYS2d 17] —Order unanimously affirmed without costs. Memorandum: Neither defendant Norstar Bank, N. A., Inc., nor defendant F. Wesley Moffett had a duty to protect plaintiff's decedent from being fatally assaulted while making a deposit at the night deposit box of Norstar's branch bank. The assault upon decedent was not reasonably foreseeable because past experience at the branch bank did not give defendants reason to know that there was a likelihood of such conduct. The fact that such conduct was conceivable did not mean that it was foreseeable *(see, Golombek v Marine Midland Bank,* 193 AD2d 1113; *Dyer v Norstar Bank,* 186 AD2d 1083, *lv denied* 81 NY2d 703). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon and Davis, JJ.

PLAZA, INC., Respondent. (Appeal No. 2.) [608 NYS2d 131] —Order unanimously affirmed without costs. Same Memorandum as in *Cercone v Norstar Bank* ([appeal No. 1] 199 AD2d 987 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon and Davis, JJ.