■ THOMAS L. STEVENS, Respondent, v GEORGE WATERS, Appellant. [610 NYS2d 897] —Order insofar as appealed from unanimously reversed on the law without costs, cross motion for partial summary judgment denied and affirmative defense reinstated. Memorandum: Defendant appeals from that part of an order granting plaintiff's cross motion for partial summary judgment dismissing the affirmative defense of Workers' Compensation. Plaintiff failed to sustain his burden to set forth evidentiary proof, in admissible form, eliminating any material issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557; *Dix v Pines Hotel,* 188 AD2d 1007; *Merkley v Palmyra-Macedon Cent. School Dist.,* 130 AD2d 937). The letter from the State Insurance Fund is not a business record *(see,* CPLR 4518 [a]) and was not certified or authenticated *(see,* CPLR 4518 [c]). In any event, defendant sustained his burden of submitting proof sufficient to raise an issue of fact. At his deposition, defendant stated that he believed that he was covered by Workers' Compensation insurance on the date of the accident. That proof is sufficient to defeat plaintiff's cross motion. The factual dispute may be resolved as a matter of law after additional discovery to determine whether defendant was covered by Workers' Compensation insurance at the time of the accident. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.