■ HARRIET LUTHART, as Executrix of BERNARD J. LUTHART, Deceased, Respondent, v SADEGH DANESH et al., Defendants, and ABDUL L. RATHOR, Appellant. (Appeal No. 1.) [609 NYS2d 887] —Order unanimously affirmed with costs. Same Memorandum as in *Luthart v Danesh* ([appeal No. 2] 201 AD2d 930 [decided herewith]). (Appeal from Order of Supreme Court, Genesee County, Gossel, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ HARRIET LUTHART, as Executrix of BERNARD J. LUTHART, Deceased, Appellant, v SADEGH DANESH, et al., Defendants, and GENESEE MEMORIAL HOSPITAL, Respondent. (Appeal No. 2.) [609 NY2d 706]—Judgment unanimously reversed on the law with costs, motion denied and complaint against Genesee Memorial Hospital reinstated. Memorandum: Supreme Court properly denied defendant Rathor's motion for summary judgment. Rathor failed to sustain his burden to set forth evidentiary proof, in admissible form, eliminating any material issue of fact *(see, Stevens v Waters,* 201 AD2d 872 [decided herewith]; *Dix v Pines Hotel,* 188 AD2d 1007). The facts relied upon by the movant's expert in rendering his expert medical opinion conflict with the deposition testimony of defendants Rathor and Danesh. Thus, credibility issues were raised concerning the expert's opinion that could not be resolved on a summary judgment motion *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Mickelson v Babcock,* 190 AD2d 1037). Moreover, the expert's affidavit failed to negate factual issues concerning several of the allegations of malpractice set forth in the bill of particulars.

Supreme Court erred, however, in granting the motion of defendant Genesee Memorial Hospital (Hospital) for summary judgment. There is a factual issue regarding the alleged negligence of Hospital nurses in monitoring the pulse in decedent's lower left leg. There are also factual issues, raised by conflicting expert opinions, whether the Hospital was negligent in failing to have a Doppler ultrasonic stethoscope available and whether that failure contributed to decedent's injury. (Appeal from Judgment of Supreme Court, Genesee County, Gossel, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.