■ GAYLE WOLFER, Respondent, v ROBIN GETMAN, Appellant. [634 NYS2d 329] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Defendant and her then fiancé Craig Bush, retained plaintiff, a real estate agent, to sell defendant's home located in the Town of Sardinia. On the evening of March 25, 1988, plaintiff went to defendant's home for the purpose of showing it to a prospective buyer. While inside the home, the person who posed as the prospective buyer, Edward Beaufort-Cutner, shot and seriously injured plaintiff. Beaufort-Cutner was actually a private investigator retained by James Langendorfer, an acquaintance of Bush, to recover a portion of the money that Bush allegedly stole from Langendorfer. Bush also was shot by Beaufort-Cutner.

Beaufort-Cutner was eventually identified, arrested and convicted of two counts of attempted murder in the second degree and one count each of robbery in the first degree, burglary in the first degree and criminal possession of a weapon in the first degree. The judgment of conviction was affirmed on appeal *(People v Beaufort-Cutner,* 190 AD2d 992, *lv denied* 81 NY2d 1011).

Plaintiff commenced this action alleging that defendant was negligent in failing to warn plaintiff of the risk of bodily harm, in failing to provide reasonably safe premises for plaintiff, and in allowing a dangerous condition to exist at defendant's home. Defendant interposed her answer and, after completion of discovery, moved for summary judgment seeking dismissal of the complaint. Supreme Court denied the motion. We reverse.

Defendant, as the property owner, owed a duty of "reasonable care under the circumstances" to visitors upon the property *(Basso v Miller,* 40 NY2d 233, 241). A property owner may be liable to a visitor for physical harm caused by the intentional acts of third persons but he is not an insurer of the visitor's safety. Thus, "even where there is an extensive history of criminal conduct on the premises, the possessor cannot be held to a duty to take protective measures unless it is shown that he either knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor' (Restatement, Torts 2d § 344, Comment *f)" (Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519; *see also, Jacqueline S. v City of New York,* 81 NY2d 288, *rearg denied* 82 NY2d 749; *Golombek v Marine Midland Bank,* 193 AD2d 1113, 1114).

Here, defendant established that she neither knew nor had reason to know that there was a likelihood that an unknown

prospective buyer viewing defendant's home would injure plaintiff. Even assuming, arguendo, that Bush was engaged in illegal drug activities from defendant's home as alleged by plaintiff, defendant would not be liable to plaintiff. The shooting was not reasonably foreseeable and defendant was "not under a duty to perceive and guard against it" *(Golombek v Marine Midland Bank, supra,* at 1114). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.