■ Scott J. Wilson, Respondent, v South Buffalo Railway Company, Appellant, et al., Defendants. [635 NYS2d 879] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant South Buffalo Railway Company dismissed. Memorandum: Supreme Court erred in denying the motion of defendant South Buffalo Railway Company (South Buffalo) to dismiss the complaint pursuant to CPLR 3211 (a) (7). The complaint alleges that plaintiff was assaulted and negligently struck while on property owned by South Buffalo, and that South Buffalo permitted plaintiff and others to "party" on its right-of-way. In opposition to South Buffalo's motion, plaintiff's attorney asserted that the right-of-way was "well known for a period of 10 or 20 years to be a premises where teenagers frequented to consume alcohol" and that it was foreseeable that an assault could occur at such a party. Construing the complaint liberally in the light most favorable to plaintiff and accepting all factual allegations as true *(see, e.g., Morone v Morone,* 50 NY2d 481, 484; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275), we conclude that the complaint fails to state a cause of action against South Buffalo because it owed no duty to plaintiff under the circumstances of this case *(see, O'Britis v Peninsula Golf Course,* 143 AD2d 123).

No defect in the premises is alleged to have caused plaintiff injury and South Buffalo had no connection with plaintiff or with those alleged to have struck him. In addition, even assuming, arguendo, that a duty exists, plaintiff has not alleged that the risk of injury was foreseeable; he has not alleged any similar incident during the 10 to 20 years that such "partying" has allegedly occurred on the property *(see, Golombek v Marine Midland Bank,* 193 AD2d 1113; *Davis v City of New York,* 183 AD2d 683; *see also, Wolfer v Getman,* 221 AD2d 393). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Dismiss Complaint.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.