■ RAYMOND D. SZYMANSKI et al., Respondents, v ALFRED W. ROBINSON, Appellant. [651 NYS2d 826] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant submitted deposition testimony establishing that plaintiffs' vehicle was struck from behind in the right lane of traffic, while defendant's vehicle was struck from behind in the left lane of traffic and sustained no damage to its front end. In opposition to the motion, plaintiffs submitted a police accident report indicating that defendant's vehicle had sustained no damage to its front end, but concluding that defendant's vehicle had collided with plaintiffs' vehicle.

The police report is admissible to the extent that it contains facts observed by the Trooper who prepared it, but it is generally not admissible to the extent that it contains opinions or conclusions drawn from the facts (*see, Van Scooter v 450 Trabold Rd.*, 206 AD2d 865, 866; *Baker v Sportservice Corp.* [appeal No. 1], 175 AD2d 654, *lv denied* 78 NY2d 860). Although the conclusions might be admissible if based on " 'postincident expert analysis of observable physical evidence' " (*Conners v Duck's Cesspool Serv.*, 144 AD2d 329, quoting *Murray v Donlan*, 77 AD2d 337, 347, *appeal dismissed* 52 NY2d 1071), plaintiffs made no showing that the Trooper is an expert in accident reconstruction (*see, Mancuso v Compucolor, Inc.*, 172 AD2d 153). Moreover, the Trooper's report is not authenticated (*see, Golombek v Marine Midland Bank*, 193 AD2d 1113, 1114; *see also, Stevens v Waters*, 201 AD2d 872). Because the report was not submitted in evidentiary form, it should not have been considered on the summary judgment motion (*see, Mickelson v Babcock*, 190 AD2d 1037, 1038); plaintiffs have not provided an acceptable excuse for relaxing that strict requirement (*see, Grasso v Angerami*, 79 NY2d 813, 814; *Costa v 1648 Second Ave. Rest.*, 221 AD2d 299, 300). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.