■ Nicholas L. Arcuri, III, Respondent, v Scott Sequin, Defendant, and Herkimer Petroleum Products, Inc., Doing Business as Uptown Nice & Easy, Appellant. [665 NYS2d 157] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant Herkimer Petroleum Products, Inc., doing business as Uptown Nice & Easy, dismissed. Memorandum: Supreme Court erred in denying the motion of defendant Herkimer Petroleum Products, Inc., doing business as Uptown Nice & Easy (Herkimer), for summary judgment dismissing the complaint against it. Plaintiff alleges that defendant Scott Sequin struck him with a baseball bat while he was in the parking lot of Herkimer's store. Herkimer "had a duty to take reasonable precautions to secure its [parking lot] if it knew or had reason to know from past experience ' "that there [was] a likelihood of conduct on the part of third persons * * * which [was] likely to endanger the safety" ' " of visitors to the premises (Dyer v Norstar Bank, 186 AD2d 1083, lv denied 81 NY2d 703, quoting Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 519; see also, Golombek v Marine Midland Bank, 193 AD2d 1113, 1114). Herkimer established as a matter of law that it was unaware of any facts that would put it on notice that an assault would occur in its parking lot. Plaintiff failed to raise an issue of fact whether Herkimer had any knowledge of prior incidents or criminal conduct occurring there. Thus, Herkimer was entitled to summary judgment on the ground that it had no duty to take protective measures because it neither knew nor had reason to know that there was a likelihood of intentionally harmful conduct by third persons that was likely to endanger the safety of plaintiff (see, Golombek v Marine Midland Bank, supra, at 1114). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.— Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Balio and Fallon, JJ.