■ DOROTHY LECHMANSKI, Respondent, v MARINE MIDLAND BANK, Appellant. [703 NYS2d 612] —Order unanimously affirmed without costs. Memorandum: Shortly after midnight on August 9, 1992, plaintiff was robbed and assaulted by a knife-wielding assailant after using the automated teller machine (ATM) at defendant's facility. She alleged that the lock on the door was broken and that her assailant entered the vestibule without using an ATM card.

Supreme Court granted defendant's motion for summary judgment dismissing the complaint but thereafter granted plaintiff's motion to renew and denied defendant's motion. Contrary to defendant's contention, the court did not abuse its discretion in granting plaintiff's motion to renew (*see, U.S. Reins. Corp. v Humphreys,* 205 AD2d 187, 192). Although the additional evidence submitted by plaintiff was available to her at the time of the prior motion, plaintiff offered a valid excuse for not timely submitting that evidence (*see, Foley v Roche,* 68 AD2d 558, 568; *cf., Lindsay v Funtime, Inc.* [appeal No. 2], 184 AD2d 1036). In any event, the evidence submitted by plaintiff on the motion to renew is not determinative of the motion. In our view, plaintiff submitted sufficient evidence in opposition to the original motion to raise an issue of fact whether the attack on plaintiff was foreseeable and, if so, whether defendant took reasonable precautions to secure the premises.

The owner of an ATM "has a duty to take reasonable precautions to secure its premises if it knows or should have known that there is a likelihood of conduct on the part of third persons likely to endanger the safety of those using its facility" (*Williams v Citibank,* 247 AD2d 49, 51, *lv denied* 92 NY2d 815; *see also, Golombek v Marine Midland Bank,* 193 AD2d 1113,

1114; *Dyer v Norstar Bank*, 186 AD2d 1083, *lv denied* 81 NY2d 703). In opposition to the motion for summary judgment, plaintiff submitted evidence that a locking mechanism on the vestibule door, which is designed to allow access to the vestibule only by persons with ATM cards, had been broken for at least a year. A Buffalo police officer, a customer of the bank, testified at a deposition that he informed bank tellers on two occasions that the lock was broken, and, after no repair was made, he notified a bank manager that the lock was broken (*cf., Williams v Citibank, supra,* at 50-51). He testified that he informed the manager that the broken lock created a "potential for crime". The fact that defendant installed a locking mechanism on the vestibule door for the protection of patrons who utilized the ATM after the bank was closed raises a factual issue whether the attack on plaintiff was foreseeable, rather than merely conceivable (*cf., Gray v Forest City Enters.*, 244 AD2d 974). Plaintiff's evidence that defendant allowed the lock to remain in a broken condition for at least a year raises a further factual issue whether defendant took reasonable precautions to secure its premises. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Renewal.) Present—Hayes, J. P., Wisner, Pigott, Jr., Callahan and Balio, JJ.