*969 OPINION OF THE COURT
Paul A. Victor, J.
Issue Presented
When a plaintiff is injured through the use of a vehicle owned by the City of New York but operated by the New York City Transit Authority, is the defendant City liable by virtue of its ownership of the vehicle pursuant to Vehicle and Traffic Law § 388? The issue appears to be one of first impression in this state.[1]
Facts and Legal Argument
Plaintiff Janie Gaines was allegedly injured on June 21, 2002, while a passenger on the No. 22 bus in Bronx County. At the time of the accident, plaintiff, who uses a wheelchair, was assisted by a home health aide employed by defendant Evercare Home Health Services Inc. Plaintiff alleges that neither the aide nor the bus driver secured the wheelchair to the bus by employing special mechanisms installed in the bus for that purpose, and that while the bus was in motion, the wheelchair began to move about, as a result of which plaintiff was thrown to the floor. Plaintiff sustained multiple fractures of the tibia and fibula of her left leg.
Plaintiff served notices of claim on the City of New York, the New York City Transit Authority (NYCTA), the Metropolitan Transportation Authority, and Manhattan and Bronx Surface Transit Operating Authority. In plaintiffs verified complaint, plaintiff alleged that the City was the titled and registered owner of the bus in question. The defendant City denied these allegations on information and belief.
Defendant City moved for dismissal pursuant to CPLR 3211, or for summary judgment pursuant to CPLR 3212, on the *970 ground that the bus was “operated, maintained and controlled” by the NYCTA.[2] The City argues that the NYCTA is a public authority under Public Authorities Law § 1201, and that the City and the NYCTA have the power to determine their relationship to each other in a manner not inconsistent with law. (Public Authorities Law § 1203 [7]; § 1207-j [2].) In that regard, the City argues that the 1953 agreement of lease between the City and the NYCTA provides that “all transit facilities” are transferred to the “jurisdiction, control, possession and supervision” of the NYCTA. (See Public Authorities Law § 1203 [1] [a].)
Plaintiff argues that the City has not established lack of ownership of the bus. In addition, plaintiff maintains that the City, as owner of the bus, is liable for injury arising out of operation of the bus pursuant to Vehicle and Traffic Law § 388. That section provides:
“Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.” (Vehicle and Traffic Law § 388 [1].)
Law Relating to Summary Judgment
The proponent of a motion for summary judgment carries the initial burden of production of evidence as well as the burden of persuasion. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) Thus, the moving party must tender[3] sufficient evidence to demonstrate as a matter of law the absence of a material issue of fact. Once that initial burden has been satisfied, the “burden of production” (not the burden of persuasion) shifts to the opponent, who must now go forward and produce sufficient evidence in admissible form to establish the existence of a triable issue of fact. The burden of persuasion, however, always remains *971 where it began, i.e., with the proponent of the issue. Thus, “if the evidence on the issue is evenly balanced, the party that bears the burden of persuasion must lose.” (Director, Office of Workers’ Compensation Programs v Greenwich Collieries, 512 US 267, 272; 300 E. 34th St. Co. v Habeeb, 248 AD2d 50 [1st Dept 1997].)
The court’s function on this motion for summary judgment is issue finding rather than issue determination. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue. (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978].) Thus, when the existence of an issue of fact is even arguable or debatable, summary judgment should be denied. (Stone v Goodson, 8 NY2d 8 [I960]; Sillman v Twentieth Century-Fox Film Corp., supra.)
The role of the court is to determine if bona fide issues of fact exist, and not to resolve issues of credibility. As the Court stated in Knepka v Tollman (278 AD2d 811, 811 [4th Dept 2000]):
“Supreme Court erred in resolving issues of credibility in granting defendants’ motion for summary judgment dismissing the complaint (see, Mickelson v Babcock, 190 AD2d 1037; see generally, Black v Chittenden, 69 NY2d 665, 669; Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338). Any inconsistencies between the deposition testimony of plaintiffs and their affidavits submitted in opposition to the motion present credibility issues for trial (see, Schoen v Rochester Gas & Elec., 242 AD2d 928; Mickelson v Babcock, supra).” (See also, Yaziciyan v Blancato, 267 AD2d 152, 152 [1st Dept 1999] [“The deponent’s arguably inconsistent testimony elsewhere in his deposition merely presents a credibility issue properly left for the trier of fact”].)
Nevertheless, summary judgment is properly granted when the opponent of the motion raises only feigned issues of fact. (See Perez v Bronx Park S. Assoc., 285 AD2d 402 [1st Dept 2001] [in which the Court held that the submission of a one-page affidavit from a neighbor, which was in conflict with plaintiffs deposition testimony, was insufficient to raise an issue of fact]; Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968] [“feigned” issues do not raise question of fact]; Singh v Kolcaj Realty Corp., 283 AD2d 350 [1st Dept 2001] [plaintiffs expert’s opinion that illegally parked car was proximate cause of accident was a legal conclusion which was of no consequence, and *972 could not defeat defendant’s motion for summary judgment]; Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [1st Dept 2000] [“self-serving affidavits submitted by plaintiff in opposition clearly contradict plaintiffs own deposition testimony and can only be considered to have been tailored to avoid the consequences of her earlier testimony . . . ”].)
Law Relating to CPLR 3211
When the sufficiency of the pleadings is attacked, the allegations contained in the complaint, as supplemented by plaintiffs affidavit and bill of particulars “must be given their most favorable intendment” (Arrington v New York Times Co., 55 NY2d 433, 442 [1982], cert denied 459 US 1146 [1983]; Dulberg v Mock, 1 NY2d 54, 56 [1956]). As the Court stated in Ark Bryant Park Corp. v Bryant Park Restoration Corp. (285 AD2d 143, 150 [1st Dept 2001]):
“Generally, on a motion to dismiss made pursuant to CPLR 3211, the pleading is to be afforded a liberal construction {see, CPLR 3026), and the court should accept as true the facts as alleged in the complaint, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (Leon v Martinez, 84 NY2d 83, 87-88; Morone v Morone, 50 NY2d 481, 484; Sotomayor v Kaufman, Malchman, Kirby & Squire, 252 AD2d 554; Fischbach & Moore v Howell Co., 240 AD2d 157). In those circumstances where the legal conclusions and factual allegations are flatly contradicted by documentary evidence, they are not presumed to be true or accorded every favorable inference (Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1999], affd 94 NY2d 659; Kliebert v McKoan, 228 AD2d 232, lv denied 89 NY2d 802), and the criteria becomes ‘whether the proponent of the pleading has a cause of action, not whether he has stated one’ (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see also, Leon v Martinez, supra, at 88).”
Accordingly, the court may freely consider evidentiary material submitted on the motion in order to remedy any defects in the complaint (Vorel v NBA Props., 285 AD2d 641 [2d Dept 2001] [mem]), with the salient issue for determination being “whether the facts as alleged fit within any cognizable legal theory” (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]).
*973 Discussion
The City has not established lack of ownership of the bus. The court is therefore constrained to determine the motion as if the City is the owner of the vehicle.
The cases are surprisingly unhelpful in the present circumstances. The City relies on Genco v City of New York (211 AD2d 615 [2d Dept 1995]), and similar cases, which hold that the City, as an out-of-possession lessor of the subway system, cannot be held liable for negligent maintenance of the subway system. Those cases involve physical structures and plants, and not motor vehicles, and thus are distinguishable, as they do not implicate the special considerations underlying Vehicle and Traffic Law § 388. (See also McGuire v City of New York, 211 AD2d 428 [1st Dept 1995].)
The City has established only that the bus, as a “transit facility,” is leased to the NYCTA. The mere fact that a vehicle is leased, however, provides no basis for exculpating the owner from liability under Vehicle and Traffic Law § 388. Recently, the Court of Appeals in Tikhonova v Ford Motor Co. (4 NY3d 621 [2005]) reiterated the strong public policy underpinning Vehicle and Traffic Law § 388. In that case, the Court held that Ford Motor Credit Company, which owned a motor vehicle, and Ford Motor Company the lessor of the car pursuant to a long-term lease with the Russian mission, were jointly and severally liable for an accident involving the car, even though the driver of the car was immune from liability due to diplomatic immunity. That decision noted that Vehicle and Traffic Law § 388 is intended to provide a financially responsible party to persons injured in the use or operation of motor vehicles, and that limitations to the scope of the protections afforded by that section are recognized only in the special context of workers’ compensation (making workers’ compensation the exclusive remedy for injured employees), and in cases in which vehicles are loaned to volunteer emergency workers under General Municipal Law § 205-b (based on public policy which seeks to encourage loaning vehicles to emergency workers).
The City’s argument that the NYCTA operates and controls the bus does not, then, by itself, warrant a finding that the City is not liable under Vehicle and Traffic Law § 388.
Under similar circumstances, the Court of Appeals considered whether the City was liable as an “owner” within the meaning of Labor Law § 240 (1) when plaintiff, a worker employed by the NYCTA, was injured when he fell through a canopy attached *974 to an elevated train station owned by defendant City of New York. (Coleman v City of New York, 91 NY2d 821 [1997].) The City argued that while technically an “owner,” the City lacked any ability to protect the worker under the statutory scheme creating the NYCTA and establishing a lessor-lessee relationship. The Court declined to exempt the City from the “plain word and reach of the statute, leaving that for the Legislature if it so chooses” (at 823).
It is clear, then, that the courts have treated the City as an owner, exempting it from responsibility as an out-of-possession owner when the circumstances dictate, and imposing liability as an owner under the Labor Law. In view of the strong public policy underpinning Vehicle and Traffic Law § 388,- any exception from the reach of the statute should be carved out by the Legislature.
Conclusion
For the foregoing reasons, the motion is granted to the extent of granting reargument, and on reargument, denying defendant City of New York’s motion insofar as it seeks summary judgment. The order is otherwise adhered to.

. Plaintiff moves to reargue an order of this court dated October 26, 2004, which, inter alia, granted defendant City of New York’s motion for. summary judgment pursuant to CPLR 3211 and 3212 dismissing all claims and cross claims against the defendant City of New York.
On the prior motion, the City had moved for summary judgment and for dismissal for failure to state a cause of action, and the plaintiff cross-moved to compel discovery. This court stated that the plaintiff “does not dispute that there is no legal basis” for the action against the City. Although plaintiff had not submitted opposition papers to the City’s motion, plaintiff had addressed the City’s arguments in its cross motion. This court in its prior order overlooked that part of plaintiffs cross motion which set forth opposition to the defendant City’s motion for summary judgment, and therefore the court now grants reargument.

. Point 1 of the City’s argument states that the City “does not own, operate, maintain or control the bus.” (Emphasis added.) The actual argument, however, is entirely predicated on maintenance and control, and the City presents no evidence that it is not the title owner of the bus. The City denied ownership “on information and belief.”

. There is no requirement that proof be submitted in the form of affidavit, as opposed to other acceptable forms, such as deposition testimony. (Muniz v Bacchus, 282 AD2d 387 [1st Dept 2001].)