JUDY A. BELL, Respondent, v MRIDU AGARWAL, M.D., et al., Appellants. [864 NYS2d 590]—

Appeal from an order of the Supreme Court, Wyoming County (Michael F. Griffith, A.J.), entered September 26, 2007 in a medical malpractice action. The order, insofar as appealed from, denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries arising from the alleged failure of Mridu Agarwal, M.D. (defendant) to remove a surgical sponge from plaintiff during abdominal surgery performed by defendant in July 1997. Defendant was employed by defendant Warsaw OB/GYN at the time of the surgery. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. We note at the outset that defendants do not contend on appeal that the court should have granted their motion on the ground that the action is time-barred, and defendants are therefore deemed to have abandoned that contention in support of their motion (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

We reject the contention of defendants that they established as a matter of law that they were not negligent and thus that the court erred in denying their motion on that ground. Defendants met their initial burden by submitting the affidavit of defendant wherein she stated that her reliance upon the nurses' sponge and instrument count was good and accepted medical practice, given that "[o]ne of the responsibilities which is exclusively a nursing responsibility includes making sure that all sponge and instrument counts are accurate." She further stated that "a surgeon cannot keep track of the number and/or

location of all such items" for specified reasons set forth in her affidavit (*see Cianfrocco v St. Luke's Mem. Hosp. Ctr.,* 265 AD2d 849, 850 [1999]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Maust v Arseneau,* 116 AD2d 1012 [1986]). We conclude, however, that plaintiff raised an issue of fact with respect to defendants' negligence by submitting evidence that the sponge in her abdomen was left there during the surgery in question (*see generally Kambat v St. Francis Hosp.,* 89 NY2d 489, 497-498 [1997]). Plaintiff also raised an issue of fact by submitting the affirmation of a medical expert who stated, inter alia, that defendant was negligent in failing to conduct a thorough inspection of the operative field for the presence of foreign bodies before closing plaintiff's incision and that the sponge "should have been readily observable to [defendant] in the exercise of good and accepted surgical practice" (*see generally Luthart v Danesh* [appeal No. 2], 201 AD2d 930 [1994]). Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.