Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered August 16, 2008 in a personal injury action. The order granted the motion of defendants WalMart Stores, Inc. and Wal-Mart Real Estate Business Trust for summary judgment dismissing the complaint against them.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
*1272 Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by their son during a fight with other high school students in a parking lot. Defendant Herkimer County Industrial Development Agency (IDA) owned the property on which the parking lot was located, and IDA leased the property to defendant Widewaters Herkimer Company, LLC (Widewaters). Widewaters in turn leased the parking lot and a store on the property to defendant Wal-Mart Stores, Inc. and Wal-Mart Real Estate Business Trust (collectively, Wal-Mart defendants).
Addressing first the order in appeal No. 2, we conclude that Supreme Court properly granted the motion of IDA and Widewaters seeking summary judgment dismissing the complaint against them. Those defendants met their initial burden by establishing that they were out-of-possession landlords who had relinquished control of the parking lot to the Wal-Mart defendants and did not create a dangerous condition, and they thus established that they owed no duty to plaintiffs’ son (see Ferro v Burton, 45 AD3d 1454 [2007]; Schwegler v City of Niagara Falls, 21 AD3d 1268 [2005]). Plaintiffs failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
With respect to the order in appeal No. 1, we conclude that the court also properly granted the motion of the Wal-Mart defendants seeking summary judgment dismissing the complaint against them. “[A] possessor of land[, including] a leaseholder, is not an insurer of [a] visitor’s safety. Thus, even where there is an extensive history of criminal conduct on the premises, the possessor cannot be held to a duty to take protective measures unless it is shown that [the possessor] either knows or has reason to know from past experience ‘that there is a likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor’ ” (Nalian v Helmsley-Spear, Inc., 50 NY2d 507, 519 [1980]).
Here, the Wal-Mart defendants “established as a matter of law that [they were] unaware of any facts that would put [them] on notice that an assault would occur in [their] parking lot” (Arcuri v Sequin, 244 AD2d 972 [1997]). Those defendants established that there was no history of prior assaults or other violent crimes in the parking lot, nor was there any history of students gathering to fight. Thus, the Wal-Mart defendants established that “the criminal act [in question] . . . was not reasonably foreseeable and thus [they were] not under a duty to perceive and guard against it” (Golombek v Marine Midland Bank, 193 AD2d 1113, 1114 [1993]).
*1273 In any event, even assuming, arguendo, that the Wal-Mart defendants owed a duty to plaintiffs’ son, we conclude that those defendants established as a matter of law that the action is barred based on the primary assumption of risk by plaintiffs’ son. “The doctrine of primary assumption of the risk generally constitutes a complete defense to an action to recover damages for personal injuries . . . and applies to[, inter alia,] . . . the voluntary participation in nonsporting activities, both proper and improper, which involve an elevated risk of danger” (Farnham v Meder, 45 AD3d 1315, 1316 [2007]; see Weller v Colleges of the Senecas, 217 AD2d 280, 283-284 [1995]). “As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation” (Turcotte v Fell, 68 NY2d 432, 439 [1986]; see Lamey v Foley, 188 AD2d 157, 164 [1993]). However, “it is not necessary to demonstrate that the [individual] foresaw the exact manner in which his [or her] injury occurred” (Lamey, 188 AD2d at 164). Here, the Wal-Mart defendants established that plaintiffs’ son, a high school student, was a knowing and voluntary participant in the fight (see Turcotte, 68 NY2d at 437; Lamey, 188 AD2d at 164), and that he assumed the risks that were “known, apparent or reasonably foreseeable consequences of the participation” (Turcotte, 68 NY2d at 439; see Lamey, 188 AD2d at 164). Those risks necessarily included physical injury to the participants in the fight, including plaintiffs’ son (see Ruggerio v Board of Educ. of City of Jamestown, 31 AD2d 884 [1969], affd 26 NY2d 849 [1970]). Present — Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.