# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

307

CA 12-01718

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

TARA TIWARI AND GANGA TIWARI,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

JEFFREY M. TYO AND MED INN CENTERS OF
AMERICA LLC, DOING BUSINESS AS DOUBLE
TREE CLUB HOTEL, DEFENDANTS-APPELLANTS.

---

HURWITZ & FINE, P.C., BUFFALO (TODD C. BUSHWAY OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered April 24, 2012. The order granted the motion of plaintiffs for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking a determination that defendants' negligence was the sole proximate cause of the accident and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Tara Tiwari (plaintiff) when a vehicle operated by defendant Jeffrey M. Tyo backed into him. According to plaintiff's deposition testimony, he was walking on a sidewalk approaching the Double Tree Club hotel when he noticed two individuals walking toward him in the opposite direction using the same sidewalk. Plaintiff left the sidewalk and walked onto the adjacent hotel driveway. Tyo struck plaintiff when he was backing up the hotel courtesy van in the driveway. We conclude that Supreme Court erred in granting plaintiffs' motion for partial summary judgment on liability in its entirety, and instead should have denied that part of the motion with respect to the issue of proximate cause. We therefore modify the order accordingly. Although the court properly granted plaintiffs' motion insofar as it sought partial summary judgment on the issue of defendants' negligence, we conclude that plaintiffs failed to establish in support of their motion that defendants' negligence was the sole proximate cause of the accident, i.e., that there was no comparative negligence on the part of plaintiff (*see DeBrine v VanHarken*, 83 AD3d 1437, 1438; *Leahey v Fitzgerald*, 1 AD3d 924, 926;

*cf. Limardi v McLeod*, 100 AD3d 1375, 1375-1376).  With respect to the issue of serious injury, we note that, in support of their motion, plaintiffs submitted the affirmation of plaintiff's physician who based his conclusion that plaintiff sustained a serious injury on his review of plaintiff's MRI films, and we conclude that the expert's affirmation sets forth objective evidence of a serious injury (*see generally Nitti v Clerrico*, 98 NY2d 345, 358).  Contrary to defendants' contention, it was not necessary for the physician to attach the MRI reports or films to his affirmation because he indicated that he reviewed the actual MRI films upon which he relied to form his opinion (*cf. id.; Sherlock v Smith*, 273 AD2d 95, 95).

Entered:  May 3, 2013                    Frances E. Cafarell
                                         Clerk of the Court