■ RICHARD POTTER, Respondent, v STEVENS VAN LINES, INC., et al., Appellants. [972 NYS2d 790]—

Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered November 7, 2012. The order granted the motion of plaintiff for summary judgment on the issues of liability and negligence.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking a determination that defendants' negligence was the sole proximate cause of the accident and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries he sustained in a motor vehicle accident. It is undisputed that plaintiff's vehicle collided with a vehicle operated by David J. Fisk (defendant) and owned by defendant Stevens Van Lines, Inc. when plaintiff swerved to avoid Fisk's vehicle that was entering the roadway from a driveway. Supreme Court properly granted plaintiff's motion to the extent that he sought summary judgment on the issues of defendants' liability (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The court erred, however, in granting that part of the motion insofar as plaintiff sought summary judg-

ment on the issue of his own negligence inasmuch as defendant, by his expert's affidavit, raised an issue of fact whether plaintiff had ample time in which to stop his vehicle and avoid the collision (*see Tiwari v Tyo*, 106 AD3d 1462, 1463 [2013]; *see generally Richards v Bartholomew*, 60 AD3d 1405, 1406 [2009]). We therefore modify the order accordingly. Present—Scudder, P.J., Fahey, Sconiers and Valentino, JJ.