# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**970**

**CA 13-00254**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

RICHARD POTTER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

STEVENS VAN LINES, INC. AND DAVID J. FISK,
DEFENDANTS-APPELLANTS.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KRISTEN M. BENSON OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

MCMAHON, KUBLICK & SMITH, P.C., SYRACUSE (JAN S. KUBLICK OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Jefferson County
(James P. McClusky, J.), entered November 7, 2012.  The order granted
the motion of plaintiff for summary judgment on the issues of
liability and negligence.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of the motion
seeking a determination that defendants' negligence was the sole
proximate cause of the accident and as modified the order is affirmed
without costs.

Memorandum:  Plaintiff commenced this negligence action seeking
damages for injuries he sustained in a motor vehicle accident.  It is
undisputed that plaintiff's vehicle collided with a vehicle operated
by David J. Fisk (defendant) and owned by defendant Stevens Van Lines,
Inc. when plaintiff swerved to avoid Fisk's vehicle that was entering
the roadway from a driveway.  Supreme Court properly granted
plaintiff's motion to the extent that he sought summary judgment on
the issues of defendants' liability (*see generally Zuckerman v City of
New York*, 49 NY2d 557, 562).  The court erred, however, in granting
that part of the motion insofar as plaintiff sought summary judgment
on the issue of his own negligence inasmuch as defendant, by his
expert's affidavit, raised an issue of fact whether plaintiff had
ample time in which to stop his vehicle and avoid the collision (*see
Tiwari v Tyo*, 106 AD3d 1462, 1463; *see generally Richards v
Bartholomew*, 60 AD3d 1405, 1406).  We therefore modify the order
accordingly.

Entered:  October 4, 2013                        Frances E. Cafarell
                                                 Clerk of the Court