# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

480

CA 15-01770

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

DAWN M. BUSH, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

RICKI KOVACEVIC, DEFENDANT-RESPONDENT.

---

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (BENJAMIN R. WOLF OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (E.
Jeannette Ogden, J.), entered July 14, 2015.  The order denied the
motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of plaintiff's
motion that sought summary judgment with respect to the issues of
defendant's negligence and proximate cause and as modified the order
is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when, as a pedestrian, she was struck by a
vehicle owned and operated by defendant.  Following discovery,
plaintiff purported to move for partial summary judgment "on the issue
of liability," but she did so without raising the issue of serious
injury (*see generally Ruzycki v Baker*, 301 AD2d 48, 51).  Although not
explicitly mentioned in her motion, plaintiff implicitly sought
summary judgment dismissing defendant's first affirmative defense,
which alleged plaintiff's comparative negligence, i.e., whether
plaintiff's own conduct contributed to the accident.  Supreme Court
denied the motion.

As a preliminary matter, we note that because plaintiff did not
raise the issue of serious injury on her motion, we cannot presume
that such issue "was necessarily decided" by the court (*Ruzycki*, 301
AD2d at 51).  We therefore address plaintiff's motion only with
respect to the issues of defendant's negligence and proximate cause
(*see Leahey v Fitzgerald*, 1 AD3d 924, 925; *cf. Stevens v Zukowski*, 55
AD3d 1400, 1401).  We conclude that the court erred in denying the
motion with respect to the issues of defendant's negligence and
proximate cause, but properly denied the motion insofar as it

implicitly sought dismissal of the first affirmative defense (*see Brubaker v Houseknecht*, 83 AD3d 1539, 1540).  Plaintiff established her prima facie entitlement to judgment as a matter of law on the issues of defendant's negligence and proximate cause by establishing that she was crossing the street within the crosswalk when she was "struck by defendant's vehicle, which was making a left turn" (*Beamud v Gray*, 45 AD3d 257, 257; *see Gyabaah v Rivlab Transp. Corp.*, 129 AD3d 447, 447; *see generally* Vehicle and Traffic Law § 1111 [a] [1]).

In support of her motion, plaintiff submitted defendant's deposition testimony.  In that testimony, defendant stated that, because she struck plaintiff on the passenger side of her car, plaintiff "had to have been maybe two feet off of the crosswalk." Although defendant contends that plaintiff may have violated Vehicle and Traffic Law § 1151 (b), which provides that "[n]o pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impractical for the driver to yield," that section "by its plain terms, applies only where there are no traffic signals" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442; *see Wallace v Barody*, 124 AD3d 1172, 1174; *Kochloffel v Giordano*, 99 AD2d 798, 799).  Here, there was a traffic signal and, therefore, section 1151 does not apply.  Moreover, the fact that the crosswalk was not marked because of the recent repaving of the road is also of no moment where, as here, the undisputed evidence establishes that plaintiff was walking in a crosswalk as defined by section 110 (*see Kochloffel*, 99 AD2d at 798).

In any event, defendant admitted that she did not see plaintiff until the impact had already occurred, and we thus conclude that defendant's claim concerning plaintiff's location in the street is mere speculation and an insufficient basis to deny plaintiff's motion insofar as it relates to defendant's negligence (*see France Herly Bien-Aime v Clare*, 124 AD3d 814, 815; *Sulaiman v Thomas*, 54 AD3d 751, 752).  Although defendant contended that she looked for pedestrians before turning left, defendant had both "a statutory duty to use due care to avoid colliding with pedestrians" (*Barbieri v Vokoun*, 72 AD3d 853, 856; *see* Vehicle and Traffic Law § 1146), as well as "a common-law duty to see that which [she] should have seen through the proper use of [her] senses . . . [T]he fact that [defendant] never saw [plaintiff, who was walking slowly with a cane,] does not excuse [defendant's] conduct" (*Domanova v State of New York*, 41 AD3d 633, 634; *see Barbieri*, 72 AD3d at 856).

Contrary to plaintiff's contention, however, we conclude that there are issues of fact concerning plaintiff's comparative negligence (*see Brubaker*, 83 AD3d at 1540).  We agree with defendant that the evidence submitted by plaintiff establishes that there are triable issues of fact whether the light for pedestrian traffic had changed before plaintiff commenced walking across the street (*see generally* Vehicle and Traffic Law § 1112 [b]).  We thus conclude that "the evidence submitted by plaintiff does not establish a total absence of comparative negligence as a matter of law" (*Dasher v Wegmans Food Mkts.*, 305 AD2d 1019, 1019; *see Tiwari v Tyo*, 106 AD3d 1462, 1463;

*Brubaker*, 83 AD3d at 1540; *cf. Stevens*, 55 AD3d at 1401).

In opposition to the motion, defendant submitted an uncertified police accident report, wherein the police officer indicated that there was damage to the front passenger side of defendant's vehicle. Although "reports of police officers made upon their own observation and while carrying out their police duties are generally admissible in evidence" (*Yeargans v Yeargans*, 24 AD2d 280, 282; *see Szymanski v Robinson*, 234 AD2d 992, 992), the report submitted by defendant was "not authenticated" and, "[b]ecause the report was not submitted in evidentiary form, it should not have been considered on the summary judgment motion" (*Szymanski*, 234 AD2d at 992; *see Golombek v Marine Midland Bank*, 193 AD2d 1113, 1114). Here, as in *Szymanski*, defendant did not "provide[] an acceptable excuse" for failing to tender the proof in admissible form (234 AD2d at 992; *see generally Grasso v Angerami*, 79 NY2d 813, 814).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court