Chilinski v Maloney (2018 NY Slip Op 00744)





Chilinski v Maloney


2018 NY Slip Op 00744


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1424 CA 17-01162

[*1]JOHN CHILINSKI, PLAINTIFF-RESPONDENT,
v
DEBORAH MALONEY AND JAMES MALONEY, DEFENDANTS-APPELLANTS. 






LAW OFFICES OF THERESA J. PULEO, SYRACUSE (MICHELLE M. DAVOLI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
WEISBERG & ZUKHER, PLLC, SYRACUSE (DAVID E. ZUKHER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered May 17, 2017. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action seeking damages for personal injuries that plaintiff allegedly sustained as the result of a collision between the bicycle he was riding and a motor vehicle driven by Deborah Maloney (defendant) and owned by defendant James Maloney, defendants appeal from an order denying their motion for summary judgment dismissing the complaint. We affirm.
Defendants' motion and supporting papers demonstrate that they were actually seeking a determination that plaintiff's negligence was the sole proximate cause of the accident and that defendant was not comparatively negligent. We conclude that defendants failed to meet their initial burden of establishing as a matter of law that plaintiff's negligence was the sole proximate cause of the accident.
Initially, we reject the contentions of both parties to the extent that they are based on the information contained in a police report submitted in support of and in opposition to the motion. Although "reports of police officers made upon their own observation and while carrying out their police duties are generally admissible in evidence" (Yeargans v Yeargans, 24 AD2d 280, 282 [1st Dept 1965]; see Szymanski v Robinson, 234 AD2d 992, 992 [4th Dept 1996]), the report in this case was inadmissible because it was "not authenticated" and, "[b]ecause the report was not submitted in evidentiary form, it should not have been considered on the summary judgment motion" (Szymanski, 234 AD2d at 992; see Bush v Kovacevic, 140 AD3d 1651, 1654 [4th Dept 2016]). Here, as in Szymanski, the parties failed to "provide[] an acceptable excuse" for failing to tender the evidence in admissible form (234 AD2d at 992; see generally Grasso v Angerami, 79 NY2d 813, 814-815 [1991]).
With respect to the merits, " [w]hether a plaintiff [or defendant] is comparatively negligent is almost invariably a question of fact and is for the jury to determine in all but the clearest cases' " (Yondt v Boulevard Mall Co., 306 AD2d 884, 884 [4th Dept 2003]). In support of their motion, defendants submitted the deposition testimony of defendant, which raised a question of fact regarding her attentiveness as she drove her vehicle (see Spicola v Piracci, 2 AD3d 1368, 1369 [4th Dept 2003]). It is well settled that every driver of a motor vehicle has "the common-law duty to see that which he [or she] should have seen . . . through the proper use of his [or her] senses' " (Sauter v Calabretta, 90 AD3d 1702, 1703 [4th Dept 2011]), and that "a [*2]motorist is required to keep a reasonably vigilant lookout for bicyclists, . . . and to operate the vehicle with reasonable care to avoid colliding with anyone on the road" (Palma v Sherman, 55 AD3d 891, 891 [2d Dept 2008]). Here, the evidence submitted by defendants established that defendant had an unobstructed view of the street as plaintiff's bicycle approached her vehicle, yet she failed to see him or his bicycle prior to the collision. Thus, we conclude that defendants "failed to establish that there was nothing [defendant] could do to avoid the accident and therefore failed to establish that she was free of comparative fault" (Jackson v City of Buffalo, 144 AD3d 1555, 1556 [4th Dept 2016]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court