■ PATRICIA DASHER, Appellant, v WEGMANS FOOD MARKETS, INC., Respondent. [758 NYS2d 585] —Appeal from an order of Supreme Court, Monroe County (Bergin, J.), entered September 23, 2002, which denied plaintiff's motion for partial summary judgment on the issues of negligence and proximate cause.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained when she slipped and fell in the produce section of defendant's store. Supreme Court properly denied plaintiff's motion for partial summary judgment on the issues of negligence and proximate cause. Although "[t]he testimony of plaintiff and defendant['s] employee raises issues of fact as to a regularly recurring dangerous condition of water accumulating on the floor * * * and whether defendant[ ] should have corrected the condition in the exercise of reasonable care" (*Columbo v James River, II, Inc.,* 197 AD2d 760, 761 [1993]), that evidence does not establish plaintiff's entitlement to judgment as a matter of law. Plaintiff further testified that she did not notice the accumulation of water because she was looking at a display rather than the floor in front of her. "[T]he question of a plaintiff's comparative negligence almost invariably raises a factual issue for resolution by the trier of fact" (*Gudenzi-Ruess v Custom Envtl. Sys.,* 212 AD2d 952, 953 [1995]). Here, the evidence submitted by plaintiff does not establish a total absence of comparative negligence as a matter of law (see *Thoma v Ronai,* 189 AD2d 635, 636-637 [1993], *affd* 82 NY2d 736 [1993]). Present—Pigott, Jr., P.J., Green, Pine, Burns and Gorski, JJ.