# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**112**
**CA 11-01637**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

AYESHA DELK, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

KENNETH J. JOHNSON, DEFENDANT-RESPONDENT.

---

LAW OFFICES OF EUGENE C. TENNEY, BUFFALO (NATHAN C. DOCTOR OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (SEAN M. SPENCER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered November 10, 2010 in a personal injury action. The order, among other things, granted defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when a vehicle owned and operated by defendant rear-ended the vehicle she was driving. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and plaintiff cross-moved for, inter alia, partial summary judgment on liability. Supreme Court granted defendant's motion and dismissed the complaint. We now affirm.

According to her bill of particulars, plaintiff sustained a serious injury under the permanent loss of use, the permanent consequential limitation of use, the significant limitation of use, and the 90/180-day categories of serious injury. In opposition to the motion, however, plaintiff abandoned her contentions with respect to all categories of serious injury with the exception of the 90/180-day category, nor does she contend on appeal that the court erred in denying her cross motion (*see Ciesinski v Town of Aurora*, 202 AD2d 984). We therefore consider only whether the court properly granted that part of defendant's motion with respect to the 90/180-day category.

Defendant met his initial burden on the motion by submitting the affirmed reports of two physicians who examined plaintiff at his request and concluded that there was no objective evidence that

plaintiff sustained a serious injury as a result of the accident (*see Lauffer v Macey*, 74 AD3d 1826, 1827). In addition, defendant submitted plaintiff's deposition testimony in which she testified that, although she missed time from her physically demanding part-time job, she was still able "to perform substantially all of the material acts that constituted [her] usual and customary daily activities" (*Robinson v Polasky*, 32 AD3d 1215, 1216).

In opposition to the motion, plaintiff submitted, inter alia, an MRI report and an affirmation from her treating physician. Although both submissions raise triable issues of fact whether plaintiff sustained an injury in the accident, neither is sufficient to raise a triable issue of fact whether that injury prevented her " 'from performing substantially all of the material acts which constitute [her] usual and customary daily activities' for at least 90 out of the 180 days immediately following the accident" (*Hoffmann v Stechenfinger*, 4 AD3d 778, 780, quoting Insurance Law § 5102 [d]; *see Elmer v Amankwaah*, 2 AD3d 1350). Even assuming, arguendo, that plaintiff's inability to return to her part-time employment curtailed her daily activities to a great extent, we conclude that plaintiff nevertheless failed to establish that she was disabled from working 90 out of the 180 days immediately following the accident (*see Travis v Batchi*, 18 NY3d 208, 220).

Entered: February 10, 2012       Frances E. Cafarell
                           Clerk of the Court