# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1220**
**CA 14-02230**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, WHALEN, AND DEJOSEPH, JJ.

---

DIANE THORNTON, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

HUSTED DAIRY, INC., DEFENDANT-RESPONDENT.

---

MORGAN LAW FIRM, P.C., SYRACUSE (WILLIAM R. MORGAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN J. KROGMAN DAUM OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered September 8, 2014.  The order denied the motion of plaintiff for partial summary judgment on serious injury and liability and granted the cross motion of defendant for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion in part and reinstating the second cause of action and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking economic and noneconomic damages arising from an accident in which a vehicle owned by defendant collided with her vehicle.  Plaintiff moved for partial summary judgment on "[s]erious [i]injury and [l]iability," and defendant cross-moved for summary judgment dismissing the amended complaint.  Supreme Court denied plaintiff's motion and granted defendant's cross motion, dismissing the amended complaint.  Plaintiff now appeals.

We reject plaintiff's contention that the court erred in denying that part of her motion seeking partial summary judgment on the issue of defendant's negligence.  Plaintiff contends that the emergency doctrine does not apply to the driver of defendant's vehicle, but we conclude that plaintiff's own submissions raise questions of fact regarding the applicability of that doctrine (*see Colangelo v Marriott*, 120 AD3d 985, 986-987).

Contrary to plaintiff's further contention, the court properly denied that part of her motion seeking partial summary judgment on the issue of serious injury, and properly granted that part of defendant's cross motion seeking dismissal of the first cause of action in the

amended complaint insofar as it sought damages based on plaintiff's alleged serious injury.  We note that on appeal plaintiff relies only on the 90/180-day category of serious injury, and thus has abandoned the remaining categories of serious injury alleged in her bill of particulars and supplemental bill of particulars (*see Harrity v Leone*, 93 AD3d 1204, 1205; *Delk v Johnson*, 92 AD3d 1234, 1234; *see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

In support of its cross motion, defendant established that plaintiff did not sustain an injury that prevented her " 'from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury' " (*Hill v Cash*, 117 AD3d 1423, 1425, quoting *Nitti v Clerrico*, 98 NY2d 345, 357 n 5).  Defendant relied on plaintiff's medical records, which showed that plaintiff's treating physician cleared plaintiff to work less than 90 days after the accident (*see Dann v Yeh*, 55 AD3d 1439, 1441).  We conclude that defendant thereby established that plaintiff's activities were not curtailed to a "great extent" (*Licari v Elliott*, 57 NY2d 230, 236).  In addition, defendant submitted evidence establishing that there was no objective proof that plaintiff sustained a serious injury (*see Lauffer v Macey*, 74 AD3d 1826, 1827; *see generally Nitti*, 98 NY2d at 357).  The report of an orthopedic surgeon who examined plaintiff concluded that plaintiff had only degenerative disc changes (*see Lux v Jakson*, 52 AD3d 1253, 1254).  In opposition to the cross motion, plaintiff failed to raise a triable issue of fact.  The affirmation of her treating physician did not dispute his office notes showing that plaintiff was cleared for work less than 90 days after the accident, and he failed to address the degenerative changes in plaintiff's imaging results (*see id.*).

Contrary to plaintiff's contention, the court properly granted that part of defendant's cross motion with respect to her claim for economic loss in the first cause of action.  While we agree with plaintiff that she is not required to show a serious injury on her claim for economic loss, she failed to establish that her total economic losses exceeded her basic economic loss (*see Wilson v Colosimo*, 101 AD3d 1765, 1767; *Colon v Montemurro*, 33 AD3d 512, 512-513).  We agree with plaintiff, however, that the court erred in granting that part of defendant's cross motion with respect to the second cause of action in the amended complaint, seeking damages for her vehicle, and we therefore modify the order accordingly.  Basic economic loss does not include property damage, including damage to a party's vehicle (*see Olsen v State of New York*, 2014 WL 10520538, *2 [Ct Cl]; *see also Porto v Blum*, 39 AD3d 614, 616; *Pajda v Pedone*, 303 AD2d 729, 730).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court