Watson v Peschel (2020 NY Slip Op 06880)





Watson v Peschel


2020 NY Slip Op 06880


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


292 CA 19-00831

[*1]VERN R. WATSON, PLAINTIFF-APPELLANT-RESPONDENT, ET AL., PLAINTIFF,
v
JOHN PESCHEL, DEFENDANT-RESPONDENT-APPELLANT. 






STANLEY LAW OFFICES, LLP, SYRACUSE (MELISSA A. MURPHY OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN FELTER OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered April 24, 2019. The order granted that part of the motion of plaintiff Vern R. Watson for summary judgment on the issue of negligence and denied that part of the motion for summary judgment on the issue of serious injury. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking, inter alia, damages for injuries that Vern R. Watson (plaintiff) allegedly sustained when the vehicle he was driving collided with a vehicle operated by defendant after defendant ran a red light. Plaintiffs alleged that, as a result of the motor vehicle accident, plaintiff sustained injuries to his cervical spine and right vocal cord that constituted serious injuries within the meaning of Insurance Law
§ 5102 (d). Plaintiff appeals from an order insofar as it denied that part of his motion seeking summary judgment on the issue of serious injury under the categories of significant limitation of use and permanent consequential limitation of use. Defendant cross-appeals from the same order to the extent that it granted that part of plaintiff's motion seeking summary judgment on the issue of negligence.
We reject plaintiff's contention on appeal that Supreme Court erred in denying that part of his motion on the issue of serious injury under the categories of significant limitation of use and permanent consequential limitation of use. Even assuming, arguendo, that plaintiff met his initial burden of demonstrating his entitlement to judgment as a matter of law to that extent, we conclude that defendant raised a triable issue of fact whether plaintiff's injuries were causally related to the accident or the result of a preexisting injury to his cervical spine (see Cicco v Durolek, 147 AD3d 1487, 1488 [4th Dept 2017]). The parties do not dispute that plaintiff underwent surgery on his cervical spine after the accident and that, as a result of the surgery, plaintiff sustained a vocal cord injury. It logically follows that, if plaintiff's cervical spine condition was unchanged by the accident, the resulting surgery was related to a preexisting condition and any injuries caused thereby, i.e., to the vocal cord, would similarly be unrelated to the accident (see generally Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]). Based on the record here, we conclude that "it is not possible to determine as a matter of law whether the injuries of plaintiff that were objectively ascertained after the accident were the same injuries that were objectively ascertained before the accident. To the contrary, the conflicting opinions of the parties' respective experts warrant a trial on the issue of serious injury" (Cicco, 147 AD3d at 1488).
Contrary to defendant's contention on his cross appeal, we conclude that the court properly granted that part of the motion on the issue of negligence. Plaintiff met his initial burden on the motion of establishing as a matter of law that defendant was negligent in his [*2]operation of the vehicle inasmuch as defendant failed to stop at a red light (see generally Boorman v Bowhers, 27 AD3d 1058, 1059 [4th Dept 2006]). Contrary to defendant's contention, he failed to raise an issue of fact whether the emergency doctrine applies here (see Aldridge v Rumsey, 275 AD2d 897, 897 [4th Dept 2000]; cf. Chwojdak v Schunk, 164 AD3d 1630, 1631 [4th Dept 2018]; Boorman, 27 AD3d at 1059). The emergency doctrine provides that, "when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the [driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Dalton v Lucas, 96 AD3d 1648, 1648 [4th Dept 2012] [internal quotation marks omitted]). However, "[t]he emergency doctrine is only applicable when a party is confronted by [a] sudden, unforeseeable occurrence not of their own making" (Gage v Raffensperger, 234 AD2d 751, 752 [3d Dept 1996]; see McGraw v Glowacki, 303 AD2d 968, 969 [4th Dept 2003]). Stated differently, "it is settled law that the emergency doctrine has no application where . . . the party seeking to invoke it has created or contributed to the emergency" (Sweeney v McCormick, 159 AD2d 832, 833 [3d Dept 1990]; see Mead v Marino, 205 AD2d 669, 669 [2d Dept 1994]). Further, although hearsay evidence may be considered in opposition to a motion for summary judgment, it is not by itself sufficient to defeat such a motion (see Thygesen v North Bailey Volunteer Fire Co., Inc., 151 AD3d 1708, 1710 [4th Dept 2017]). Here, defendant testified at his deposition that, at the time of the accident, he was not sure why he could not apply his brakes. He learned after the accident from a body shop mechanic that "[t]he floor pad was rolled up underneath the brake pedal." He also testified that the floor mat sliding underneath his brakes was "the only reason [he could] think of" for his inability to brake. In view of that deposition testimony, we conclude that defendant's reliance on the emergency doctrine was based solely on hearsay and speculation and thus did not raise a triable issue of fact whether that doctrine applies. The record includes no affidavit or deposition testimony from defendant's mechanic.
We disagree with our dissenting colleagues that the rule precluding the use of hearsay alone to defeat a summary judgment motion does not apply here because plaintiff also submitted defendant's deposition transcript containing the inadmissible hearsay. Hearsay alone is "insufficient to raise a triable issue of fact" (Hyde v Transcontinent Record Sales, Inc., 111 AD3d 1339, 1340 [4th Dept 2013]), and we cannot conclude that plaintiff, by submitting defendant's deposition transcript, adopted defendant's statements therein as true, accurate, and most importantly, not hearsay (cf. Shaw v Rosha Enters., Inc., 129 AD3d 1574, 1576 [4th Dept 2015]). We similarly disagree with our dissenting colleagues' alternative contention that plaintiff waived any objection to the hearsay contained in defendant's deposition testimony by submitting it on the motion. Hearsay objections cannot be asserted at a deposition and are therefore not waived if not interposed (see CPLR 3115; 22 NYCRR 221.1). Notably, inasmuch as an objection to hearsay within a deposition can be raised for the first time at trial (see CPLR 3115 [a]), it is illogical to conclude that one could waive any such objection by merely submitting the deposition transcript during motion practice.
Furthermore, even assuming, arguendo, that the evidence regarding the floor mat sliding underneath defendant's brakes and preventing him from braking was based on neither speculation nor hearsay, we conclude that defendant's submissions in opposition to the motion are nonetheless insufficient to raise a triable issue of fact whether the emergency doctrine applies. The record establishes that defendant was the only person in the vehicle, and defendant did not submit any evidence that any other person was responsible for the floor mat rolling up under the brake and purportedly causing the accident. Significantly, the record establishes that defendant successfully applied his brakes twice before the collision. Thus, we conclude that defendant failed to demonstrate that the emergency encountered was not of his own making, i.e., that defendant did not create or contribute to it (see Sweeney, 159 AD2d at 833).
All concur except Centra and Curran, JJ., who dissent and vote to modify in accordance with the following memorandum: We agree with the majority's conclusion on the appeal of Vern R. Watson (plaintiff) that Supreme Court properly denied that part of plaintiff's motion seeking summary judgment on the issue of serious injury within the meaning of Insurance Law § 5102 (d). We disagree, however, with the majority's conclusion on defendant's cross appeal that the court properly granted that part of plaintiff's motion seeking summary judgment on the issue of negligence, and we would therefore modify the order by denying the motion in its entirety. Specifically, we conclude that the court erred in granting the motion to that extent [*3]because triable issues of fact exist whether the emergency doctrine applies.
As noted by the majority, "[t]he emergency doctrine is only applicable when a party is confronted by [a] sudden, unforeseeable occurrence not of their own making" (Gage v Raffensperger, 234 AD2d 751, 752 [3d Dept 1996]; see Stewart v Ellison, 28 AD3d 252, 254 [1st Dept 2006]; McGraw v Glowacki, 303 AD2d 968, 969 [4th Dept 2003]). Significantly, the majority does not address plaintiff's burden on his motion to "show that there is no defense to the cause of action or that the . . . defense has no merit" (CPLR 3212 [b]). Additionally, the majority does not dispute that defendant was confronted with a sudden and unforeseen circumstance inasmuch as he was unable to stop his vehicle before entering the intersection where the accident occurred, despite attempting to apply his brakes. The unforeseeability of defendant's inability to brake at the time of the accident is underscored by the fact that he successfully applied his brakes at two previous intersections minutes before the accident.
The majority concludes, however, that on this record there is no triable issue of fact whether the emergency doctrine applies because defendant's submissions regarding the application of that doctrine were based on speculation and hearsay and failed to establish that any emergency encountered by defendant was not of his own making. We disagree and conclude that plaintiff failed to meet his initial burden on the motion because his own submissions raise questions of fact on those issues.
Just as "what constitutes reasonable care under the circumstances ordinarily is a question for the jury" (Akins v Glens Falls City School Dist., 53 NY2d 325, 332 [1981], rearg denied 54 NY2d 831 [1981]), it is equally well settled that "it generally remains a question for the trier of fact to determine whether an emergency existed" and whether the party asserting the existence thereof was negligent in causing the emergency (Shanahan v Mackowiak, 111 AD3d 1328, 1329 [4th Dept 2013] [internal quotation marks omitted]). For an emergency to be of a defendant's own making, there must be a showing that the defendant's own negligence caused or contributed to the emergency, i.e., that the defendant "fail[ed] to use that degree of care that a reasonably prudent person would have used under the same circumstances" (PJI 2:10; see PJI 2:14; see generally Herbert v Morgan Drive-A-Way, 202 AD2d 886, 888-889 [3d Dept 1994, Yesawich, Jr., J., dissenting], revd on dissenting op 84 NY2d 835 [1994]; Unger v Belt Line Ry. Corp., 234 NY 86, 90 [1922]).
Here, "[v]iewing the evidence in the light most favorable to the nonmoving part[y], as we must" (Jayes v Storms, 12 AD3d 1090, 1091 [4th Dept 2004]), we conclude that plaintiff's own submissions on his motion raise triable issues of fact whether defendant was faced with an emergency and, if so, whether defendant was negligent in causing that emergency (see generally Thornton v Husted Dairy, Inc., 134 AD3d 1402, 1402 [4th Dept 2015]). Specifically, plaintiff submitted defendant's entire deposition testimony, which supplied a nonnegligent explanation for defendant's failure to stop at the intersection where the vehicle he was driving collided with plaintiff's vehicle and raised an issue of fact whether defendant was faced with an unanticipated situation (see generally Ferrer v Harris, 55 NY2d 285, 291-292 [1982], mot to amend remittitur granted 56 NY2d 737 [1982]; Warner v Kain, 162 AD3d 1384, 1386 [3d Dept 2018]; Sossin v Lewis, 9 AD3d 849, 850-851 [4th Dept 2004], amended on rearg on other grounds 11 AD3d 1045 [4th Dept 2004]). As noted by the majority, defendant testified at his deposition that he was told by his mechanic that his floor mat had shifted under his brake pedal, preventing him from depressing the brake as he approached the intersection. Defendant also testified that he had no previous problems with his brakes or the floor mat.
We also disagree with the majority to the extent that it concludes that defendant's deposition testimony with respect to the floor mat constituted inadmissible hearsay in the context of plaintiff's motion and was therefore insufficient to raise a triable issue of fact. Although hearsay may not be used as the sole means for opposing a motion for summary judgment (see Biggs v Hess, 85 AD3d 1675, 1676 [4th Dept 2011]), that rule does not apply here because, to meet his initial burden, plaintiff submitted defendant's entire deposition testimony and thus plaintiff's own submissions raised "triable issues of fact whether [defendant] was faced with an emergency situation" (White v Mayfield [appeal No. 2], 161 AD3d 1552, 1554 [4th Dept 2018]; see Thornton, 134 AD3d at 1402; Shaw v Rosha Enters., Inc., 129 AD3d 1574, 1575-1576 [4th Dept 2015]). Moreover, even if that rule applied under these circumstances, we conclude that by submitting defendant's entire deposition, plaintiff waived any objection to the hearsay contained [*4]therein (see Jerome Prince, Richardson on Evidence § 8-108 [Farrell 11th ed 1995]) and, "in effect, 'adopted [those statements] as accurate' " (Shaw, 129 AD3d at 1576).
We further submit that—contrary to the majority's conclusion—neither CPLR 3115 nor 22 NYCRR 221.1 is relevant to the situation presented here. We do not dispute that, at trial, plaintiff would be entitled to object to the hearsay testimony of defendant regarding what his mechanic told him about the brake pedal. In the context of plaintiff's motion, however, that testimony was proffered by plaintiff who, as noted, thereby adopted it (see Shaw, 129 AD3d at 1576) and created a triable question of fact with his own submissions (see generally Thornton, 134 AD3d at 1402).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court