McCarthy v Hameed (2021 NY Slip Op 00962)





McCarthy v Hameed


2021 NY Slip Op 00962


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


980 CA 20-00413

[*1]LYNNE E. MCCARTHY, PLAINTIFF-APPELLANT-RESPONDENT,
v
MAZIN HAMEED AND MAYSAA A. HAMEED, DEFENDANTS-RESPONDENTS-APPELLANTS. 






CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
LAW OFFICE OF JOHN WALLACE, ROCHESTER (VALERIE L. BARBIC OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered February 5, 2020. The order granted those parts of the motion of plaintiff seeking summary judgment on the issues of negligence and serious injury, but denied that part of the motion seeking summary judgment on the issue of comparative negligence. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking summary judgment on the issue of serious injury and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained as she was walking toward her vehicle in a Costco parking lot when a vehicle operated by Maysaa A. Hameed (defendant) struck a flatbed shopping cart on the access lane through the parking lot in front of the store, causing the box on top of the cart to fall off and strike plaintiff. Plaintiff moved for summary judgment on the issues of defendant's liability, i.e., negligence and serious injury, and plaintiff's alleged comparative negligence. Supreme Court, inter alia, granted those parts of the motion on the issues of defendant's negligence and serious injury but denied that part of the motion on the issue of plaintiff's comparative negligence. Plaintiff now appeals, and defendants cross-appeal.
Contrary to defendants' contention on their cross appeal, the court properly granted that part of the motion on the issue of defendant's negligence. Defendant had a "common-law duty to see that which [she] should have seen through the proper use of [her] senses" (Barbieri v Vokoun, 72 AD3d 853, 856 [2d Dept 2010]; see Bush v Kovacevic, 140 AD3d 1651, 1653 [4th Dept 2016]; Gill v Braasch, 100 AD3d 1415, 1415-1416 [4th Dept 2012]). In support of her motion, plaintiff submitted excerpts from the depositions of herself, her friend, defendant, and a third-party witness. Plaintiff and her friend testified that they exited the store and stopped to look for traffic before crossing the access lane in front of the store. Plaintiff's friend was pushing a flatbed shopping cart with a large box on it containing a recliner, and plaintiff was walking next to and just behind her. A driver of a pickup truck to their right stopped and motioned for them to cross the access lane. As they proceeded across the access lane, a vehicle driven by defendant, which had just backed out of a parking space and drove down a parking lane, turned left in front of them on the access lane and struck the cart, causing the box to fall off and strike plaintiff. Defendant testified that she thought the driver of the pickup truck was waving at her to proceed and that she did not see plaintiff or her friend before striking the cart because a passing vehicle had blocked her view. We conclude that plaintiff met her initial burden of establishing that defendant was negligent in failing to see plaintiff, who was already crossing the access lane when defendant made a left-hand turn into her path, and defendants failed to raise a triable issue of fact in opposition (see Bush, 140 AD3d at 1652-1653; Gill, 100 AD3d at 1415-1416).
Contrary to plaintiff's contention on appeal, however, the court properly denied that part of her motion on the issue of her comparative negligence (see Bush, 140 AD3d at 1653). " '[T]he question of a plaintiff's comparative negligence almost invariably raises a factual issue for resolution by the trier of fact' " (Dasher v Wegmans Food Mkts., 305 AD2d 1019, 1019 [4th Dept 2003]; see Chilinski v Maloney, 158 AD3d 1174, 1175 [4th Dept 2018]). Here, plaintiff failed to meet her initial burden of establishing "a total absence of comparative negligence as a matter of law" (Dasher, 305 AD2d at 1019).
We agree with defendants on their cross appeal that the court erred in granting that part of the motion on the issue of serious injury, and we therefore modify the order accordingly. In support of the motion, plaintiff alleged that she sustained an elbow and a leg fracture as a result of the accident, which would constitute a serious injury under the "fracture" category of Insurance Law § 5102 (d). Plaintiff, however, submitted only an unsworn medical report of a physician who had examined her on behalf of defendants, which did not constitute proof in admissible form (see Grasso v Angerami, 79 NY2d 813, 814 [1991]; Dann v Yeh, 55 AD3d 1439, 1441 [4th Dept 2008]; Thousand v Hedberg, 249 AD2d 941, 941 [4th Dept 1998]). Although plaintiff contends that CPLR 4540-a is applicable here, we reject that contention because the medical report was not "created" by defendants. We therefore conclude that plaintiff is not entitled to summary judgment on the issue of serious injury because she did not submit medical proof in admissible form (see Sauter v Calabretta, 90 AD3d
1702, 1704 [4th Dept 2011]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court