Gaines v Brydges (2021 NY Slip Op 05193)





Gaines v Brydges


2021 NY Slip Op 05193


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND DEJOSEPH, JJ.


620 CA 21-00114

[*1]SUSAN GAINES AND ROBERT GAINES, PLAINTIFFS-RESPONDENTS,
v
KENNETH I. BRYDGES, D.O., DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (MATTHEW B. SCHUTTE OF COUNSEL), FOR DEFENDANT-APPELLANT.
GATTUSO & CIOTOLI, PLLC, FAYETTEVILLE (FRANK S. GATTUSO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered July 14, 2020. The order, insofar as appealed from, denied that part of the motion of defendant Kenneth I. Brydges, D.O. seeking summary judgment dismissing plaintiffs' claim for punitive damages. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and that part of the motion seeking summary judgment dismissing the claim for punitive damages is granted.
Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Susan Gaines (plaintiff) when, among other things, Kenneth I. Brydges, D.O. (defendant) allegedly failed to properly treat plaintiff's abdominal skin condition during her hospitalization in an emergency department. Defendant appeals, as limited by his brief, from that part of an order denying his motion insofar as it sought summary judgment dismissing the claim for punitive damages against him. We agree with defendant that Supreme Court should have granted that part of his motion seeking summary judgment dismissing the punitive damages claim.
"Because the standard for imposing punitive damages is a strict one and punitive damages will be awarded only in exceptional cases, the conduct justifying such an award must manifest spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton" (Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013], rearg denied 21 NY3d 976 [2013] [internal quotation marks omitted]; see Dupree v Giugliano, 20 NY3d 921, 924 [2012], rearg denied 20 NY3d 1045 [2013]). Thus, "[t]he standard for an award of punitive damages is that a defendant manifest evil or malicious conduct beyond any breach of professional duty" (Dupree, 20 NY3d at 924).
Here, defendant met his initial burden on the motion. Defendant's deposition testimony and his affidavit submitted in support of the motion established that, while he had not "actively" treated plaintiff's abdominal wound during her hospitalization, given his focus on plaintiff's other conditions, he had visualized that wound and had treated it conservatively with dressings and antibiotic ointment. Defendant subsequently reexamined plaintiff's abdominal skin condition and continued the same treatment. Defendant explained that he initiated conservative treatment because, given plaintiff's other conditions, it was appropriate to address plaintiff's abdominal skin condition by attempting to alleviate her inflammatory process before considering surgical intervention. Defendant's submissions established that, contrary to plaintiffs' allegations, he had indeed treated plaintiff's abdominal skin condition, albeit conservatively as he [*2]deemed appropriate under the circumstances, and that he had not abandoned plaintiff's treatment in that regard (cf. Graham v Columbia Presbyt. Med. Ctr., 185 AD2d 753, 754-756 [1st Dept 1992]). We conclude that, even viewing the evidence in the light most favorable to plaintiffs, defendant established that his conduct "did not manifest spite or malice, or a fraudulent or evil motive . . . , or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton" (DiNiro v Aspen Athletic Club, LLC, 173 AD3d 1789, 1790 [4th Dept 2019] [internal quotation marks omitted]; see Cleveland v Perry, 175 AD3d 1017, 1020 [4th Dept 2019]; see generally Marinaccio, 20 NY3d at 511). We further conclude that plaintiffs failed to raise a triable issue of fact (see DiNiro, 173 AD3d at 1790; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court