Reichmuth v Family Video Movie Club, Inc. (2022 NY Slip Op 00584)





Reichmuth v Family Video Movie Club, Inc.


2022 NY Slip Op 00584


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1068 CA 21-00079

[*1]GARY REICHMUTH, PLAINTIFF-RESPONDENT-APPELLANT,
v
FAMILY VIDEO MOVIE CLUB, INC., DANCYN, INC., DOING BUSINESS AS LITTLE CAESARS PIZZA, EMILY JOHNSON AND DANIEL JOHNSON, DEFENDANTS-APPELLANTS-RESPONDENTS. 






HURWITZ & FINE, P.C., BUFFALO (V. CHRISTOPHER POTENZA OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
DOLCE FIRM, BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered December 2, 2020. The order denied the motion of plaintiff for summary judgment and denied the cross motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he stepped and fell off the sidewalk in front of a Little Caesars restaurant. The property on which the restaurant was located was allegedly owned by defendant Family Video Movie Club, Inc. (Family Video) and a portion of the property was allegedly leased by defendants Dancyn, Inc., doing business as Little Caesars Pizza, Daniel Johnson, and Emily Johnson, who also operated the restaurant. Plaintiff moved for summary judgment against Family Video on liability and for summary judgment dismissing the affirmative defense in defendants' answers that alleged comparative negligence. Defendants cross-moved for summary judgment dismissing the complaint. Defendants appeal and plaintiff
cross-appeals from an order that denied the motion and cross motion. We affirm.
Addressing the cross appeal first, contrary to plaintiff's contention, we conclude that Supreme Court properly denied that part of the motion seeking summary judgment against Family Video on the issue of liability. In support of the motion, plaintiff submitted, inter alia, an affidavit from an expert who opined that the sidewalk violated several building codes and standards of the American National Standards Institute. Such evidence, however, " 'constituted only some evidence of negligence' rather than negligence per se" (Hartnett v Zuchowski, 175 AD3d 1831, 1832 [4th Dept 2017]; see Morreale v Froelich, 125 AD3d 1280, 1281 [4th Dept 2015]) and is insufficient to meet plaintiff's initial burden on that part of the motion (Hartnett, 175 AD3d at 1832).
We reject plaintiff's further contention on cross appeal that the court erred in denying the motion with respect to the affirmative defense of comparative negligence. " '[T]he question of a plaintiff's comparative negligence almost invariably raises a factual issue for resolution by the trier of fact' " (Dasher v Wegmans Food Mkts., 305 AD2d 1019, 1019 [4th Dept 2003]; see Chilinski v Maloney, 158 AD3d 1174, 1175 [4th Dept 2018]). Here, plaintiff failed to meet his initial burden of establishing "a total absence of comparative negligence as a matter of law" (Dasher, 305 AD2d at 1019; see McCarthy v Hameed, 191 AD3d 1462, 1463 [4th Dept 2021]).
Contrary to defendants' contention on appeal, we conclude that the court properly denied [*2]their cross motion for summary judgment dismissing the complaint. The court properly determined based upon the conflicting expert affidavits that there is an issue of fact whether a dangerous condition existed on the property (see Hanley v Affronti, 278 AD2d 868, 869 [4th Dept 2000]). We have considered defendants' remaining contentions and conclude that they are without merit.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court