Strassburg v Merchants Auto. Group, Inc. (2022 NY Slip Op 01951)





Strassburg v Merchants Auto. Group, Inc.


2022 NY Slip Op 01951


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1180 CA 20-01279

[*1]ALYSSA K. STRASSBURG, PLAINTIFF-RESPONDENT-APPELLANT,
v
MERCHANTS AUTOMOTIVE GROUP, INC., CURT MANUFACTURING, LLC, AND DENNIS L. DADY, DEFENDANTS-APPELLANTS-RESPONDENTS.






TREVETT CRISTO, ROCHESTER (ERIC M. DOLAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered September 29, 2020. The order granted in part and denied in part the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion for summary judgment on the issue whether defendant Dennis L. Dady's negligence was the sole proximate cause of the accident and for summary judgment dismissing the first affirmative defense and reinstating that affirmative defense, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she was struck while walking in a crosswalk by a vehicle operated by Dennis L. Dady (defendant). The vehicle was owned by defendant Merchants Automotive Group, Inc. and leased to defendant's employer, defendant Curt Manufacturing, LLC. Plaintiff moved for summary judgment on the issues of defendants' liability, i.e., negligence and serious injury, and whether defendant's negligence was the sole proximate cause of the accident. Plaintiff also moved for, inter alia, summary judgment dismissing defendants' first affirmative defense of comparative negligence. Supreme Court granted plaintiff's motion with respect to the issues of defendant's negligence and of that negligence being the sole proximate cause of the accident and with respect to the first affirmative defense, but denied the motion with respect to the issue of serious injury. Defendants now appeal, and plaintiff cross-appeals.
Contrary to defendants' contention on their appeal, the court properly granted that part of the motion on the issue of defendant's negligence. It is well settled that a driver has a "common-law duty to see that which [should have been] seen [as a driver] through the proper use of his [or her] senses" (Luttrell v Vega, 162 AD3d 1637, 1638 [4th Dept 2018] [internal quotation marks omitted]; see McCarthy v Hameed, 191 AD3d 1462, 1463 [4th Dept 2021]). Additionally, Vehicle and Traffic Law § 1151 (a) provides in relevant part that "[w]hen traffic-control signals are not in place . . . the driver of a vehicle shall yield the right of way . . . to a pedestrian crossing the roadway within a crosswalk on the roadway upon which the vehicle is traveling."
Here, plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of defendant's negligence by establishing that she was crossing the street within the crosswalk when she was "struck by defendant's vehicle, which was making a . . . turn" (Beamud v Gray, 45 AD3d 257, 257 [1st Dept 2007]; see Bush v Kovacevic, 140 AD3d 1651, 1652 [4th Dept 2016]; Gyabaah v Rivlab Transp. Corp., 129 AD3d 447, 447 [1st Dept 2015]). [*2]Specifically, plaintiff submitted, inter alia, her deposition testimony wherein she testified that she was within the crosswalk at the time of the collision. She also submitted the deposition testimony of defendant, who denied seeing plaintiff anytime before the collision and admitted that the collision occurred within the crosswalk (see Benedikt v Certified Lbr. Corp., 60 AD3d 798, 798 [2d Dept 2009]; Sulaiman v Thomas, 54 AD3d 751, 752 [2d Dept 2008]). We further conclude that defendants failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Lowes v Anas, 195 AD3d 1579, 1581-1582 [4th Dept 2021]; Bush, 140 AD3d at 1652-1653).
We agree with defendants, however, to the extent they argue that the court erred in granting those parts of the motion for summary judgment on the issue whether defendant's negligence was the sole proximate cause of the accident and dismissing the first affirmative defense of comparative negligence, and we therefore modify the order accordingly. " '[T]he question of a plaintiff's comparative negligence almost invariably raises a factual issue for resolution by the trier of fact' " (Dasher v Wegmans Food Mkts., 305 AD2d 1019, 1019 [4th Dept 2003]; see Chilinski v Maloney, 158 AD3d 1174, 1175 [4th Dept 2018]). Here, plaintiff failed to meet her initial burden of establishing "a total absence of comparative negligence as a matter of law" (Dasher, 305 AD2d at 1019). Plaintiff's submissions on the motion demonstrated that she started to cross the street from somewhere other than the sidewalk directly adjacent to the crosswalk. Thus, plaintiff's own submissions raise a triable issue of fact whether she started to cross at a location from which a driver would not reasonably anticipate that a pedestrian would emerge and whether she therefore failed to exercise due care in crossing the street (see generally Vehicle and Traffic Law § 1152 [a]; Allen v Illes, 55 AD3d 1312, 1313 [4th Dept 2008]; Ryan v Budget Rent a Car, 37 AD3d 698, 699 [2d Dept 2007]). Inasmuch as there are triable issues of fact pertaining to plaintiff's comparative fault, there are likewise triable issues of fact whether defendant's negligence was the sole proximate cause of the accident (see generally Edwards v Gorman, 162 AD3d 1480, 1481 [4th Dept 2018]; Russo v Pearson, 148 AD3d 1762, 1763 [4th Dept 2017]; Kelsey v Degan, 266 AD2d 843, 843 [4th Dept 1999]).
Contrary to plaintiff's contention on cross appeal, the court did not err in denying the motion on the issue of serious injury. We conclude that plaintiff did not meet her initial burden of establishing that she sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories of serious injury because she failed to provide objective evidence that she suffers from anosmia, i.e., loss of smell, as a consequence of the accident (see generally Insurance Law § 5102 [d]; Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 957-958 [1992]). Plaintiff's submission of the affirmations of her treating neurologist and the medical reports of the physicians who examined plaintiff on defendants' behalf were insufficient to establish plaintiff's entitlement to judgment as a matter of law with respect to that condition because they were based solely on plaintiff's subjective complaints of loss of smell (see Alcombrack v Swarts, 49 AD3d 1170, 1171-1172 [4th Dept 2008]; see also Burke v Carney, 37 AD3d 1107, 1108 [4th Dept 2007]; see generally Toure, 98 NY2d at 350).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court