Lamendola v Alharbi (2022 NY Slip Op 03845)

Lamendola v Alharbi

2022 NY Slip Op 03845

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

476 CA 21-01377

[*1]LEE LAMENDOLA, PLAINTIFF-APPELLANT,
v
ABDULAZIZ ALHARBI, DEFENDANT-RESPONDENT. 

FRANK M. BOGULSKI, BUFFALO, FOR PLAINTIFF-APPELLANT.
NASH CONNORS, P.C., BUFFALO (JONATHAN D. COX OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Henry J. Nowak, J.), entered March 18, 2021. The order granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when a vehicle operated by defendant collided with the vehicle plaintiff was driving. Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under the category alleged by him, i.e., the 90/180-day category (see Insurance Law § 5102 [d]). Plaintiff appeals, and we affirm.
We conclude that defendant met his initial burden of establishing as a matter of law that plaintiff did not sustain a serious injury under the 90/180-day category. Defendant submitted plaintiff's medical records, which revealed no abnormal findings on the CT scan and MRI, and also submitted the report of the examining physician, who concluded that there were no objective findings associated with plaintiff's claims of headache, lightheadedness, and difficulty with concentrating that were purportedly caused by the motor vehicle accident (see Thornton v Husted Dairy, Inc., 134 AD3d 1402, 1403 [4th Dept 2015]). Contrary to plaintiff's contention, defendant's submission of the medical report of the physician who performed plaintiff's neurological evaluation does not create a question of fact inasmuch as the physician's findings were based solely on plaintiff's subjective complaints (see generally Sierson v Gacek, 67 AD3d 1431, 1432 [4th Dept 2009], lv denied 14 NY3d 704 [2010]).
In opposition to the motion, plaintiff failed to raise an issue of fact (see Thornton, 134 AD3d at 1403). The deposition testimony of plaintiff that he was unable to return to work and could no longer participate in certain recreational activities as a result of his injuries is insufficient to raise a triable issue of fact, in the absence of " 'a physician's affidavit substantiating the existence of a medically determined injury which caused the alleged limitation of [his] activities' " (Dann v Yeh, 55 AD3d 1439, 1441 [4th Dept 2008]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court