Miller v Silvarole Trucking Inc. (2022 NY Slip Op 07348)

Miller v Silvarole Trucking Inc.

2022 NY Slip Op 07348

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

804 CA 21-01770

[*1]ROBERT MILLER, PLAINTIFF-RESPONDENT,
v
SILVAROLE TRUCKING INC., JOSHUA DAVIS, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ROBERT P. CAHALAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
MCMAHON, MARTINE & GALLAGHER, LLP, BROOKLYN (TIMOTHY D. GALLAGHER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Monroe County (Craig J. Doran, J.), entered December 10, 2021. The order granted in part the motion of plaintiff for summary judgment and denied the cross motion of defendants Silvarole Trucking Inc. and Joshua Davis seeking, inter alia, partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the cross motion in part and dismissing the claim for punitive damages against defendant Silvarole Trucking Inc., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when he was struck by a tractor-trailer driven by defendant Joshua Davis in the course of his employment with defendant Silvarole Trucking Inc. (Silvarole) (collectively, defendants). Plaintiff moved for summary judgment on the issue of negligence and gross negligence, and defendants cross-moved for, inter alia, summary judgment on the issue of plaintiff's alleged comparative negligence and dismissing the complaint to the extent that it alleged gross negligence and sought punitive damages. Supreme Court granted the motion insofar as it sought summary judgment on the issue of ordinary negligence and denied the cross motion. Defendants appeal.
We conclude that the court properly granted the motion with respect to the issue of negligence. Plaintiff met his initial burden on the motion of establishing as a matter of law that Davis was negligent in his operation of the tractor-trailer inasmuch as Davis drifted out of the lane of travel and struck plaintiff while he was walking along the side of the road (see generally Strassburg v Merchants Auto. Group, Inc., 203 AD3d 1735, 1736 [4th Dept 2022]; Bush v Kovacevic, 140 AD3d 1651, 1652-1653 [4th Dept 2016]). Contrary to defendants' contention, they failed to raise an issue of fact whether the emergency doctrine applies here (see Watson v Peschel, 188 AD3d 1693, 1694-1695 [4th Dept 2020]; Aldridge v Rumsey, 275 AD2d 897, 897 [4th Dept 2000]). The emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991], rearg denied 77 NY2d 990 [1991]; see Dalton v Lucas, 96 AD3d 1648, 1648 [4th Dept 2012]). However, "[t]he emergency doctrine is only applicable when a party is confronted by [a] sudden, unforeseeable occurrence not of their own making" (Watson, 188 AD3d at 1695 [internal quotation marks omitted]). The "emergency doctrine has no application where . . . the party seeking to invoke it has created or contributed to the [*2]emergency" (id. [internal quotation marks omitted]). Here, Davis averred that he placed a drink bottle in the center console cup holder and that, through no action on his part, the bottle fell from the cup holder to the floor of the cab, where it became lodged underneath the accelerator pedal. Nevertheless, the record also establishes that Davis was the only person in the vehicle, and defendants did not submit evidence that any other person was responsible for the alleged emergency (see id. at 1696). Thus, we conclude that defendants failed to demonstrate that the emergency encountered was not of Davis's own making, "i.e., that [Davis] did not create or contribute to it" (id.; see Sweeney v McCormick, 159 AD2d 832, 833 [3d Dept 1990]).
We reject defendants' contention that the court erred in denying that part of their cross motion seeking summary judgment dismissing plaintiff's cause of action for gross negligence and claim for punitive damages against Davis. "Because the standard for punitive damages is a strict one and punitive damages will be awarded only in exceptional cases, the conduct justifying such an award must manifest spite or malice, or a fraudulent or evil motive on the part of the defendant, or such conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton" (Gaines v Brydges, 198 AD3d 1287, 1287 [4th Dept 2021] [internal quotation marks omitted]; see Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013], rearg denied 21 NY3d 976 [2013]). Punitive damages may be awarded "based on intentional actions or actions which, while not intentional, amount to gross negligence, recklessness, or wantonness . . . or conscious disregard of the rights of others or for conduct so reckless as to amount to such disregard" (Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 200 [1990] [internal quotation marks omitted]). Viewing the evidence in the light most favorable to plaintiff, as we must in the context of defendants' cross motion (see Gaines, 198 AD3d at 1288; see generally Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]), we conclude that defendants failed to meet their initial burden of establishing entitlement to judgment as a matter of law. The record does not support defendants' contention that Davis acted instinctively in reaching for the bottle. Davis did not aver in his affidavit that he reacted instinctively, nor did he describe how long the bottle was wedged under the accelerator before he took his eyes off of the roadway, how much time passed between when he first noticed that his accelerator pedal was compromised and when he looked down to determine the cause of the obstruction, or how long it took him to retrieve the bottle. Davis did establish, however, that he had enough time to apply the brake and begin to slow the tractor-trailer before removing his eyes from the roadway. Defendants thus failed to meet their initial burden of establishing that Davis's conduct, specifically his decision to look for and retrieve the obstacle while the tractor-trailer was in motion—despite the fact that his brakes were in working order—did not "amount to gross negligence, recklessness, or wantonness . . . or conscious disregard of the rights of others" (Home Ins. Co., 75 NY2d at 200 [internal quotation marks omitted]; see also DiNiro v Aspen Athletic Club, LLC, 173 AD3d 1789, 1790 [4th Dept 2019]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Where different conclusions can reasonably be drawn from the evidence, the motion should be denied" (Sommer v Federal Signal Corp., 79 NY2d 540, 555 [1992]).
We agree with defendants that the court erred in denying their cross motion with respect to plaintiff's claim against Silvarole for punitive damages, and we therefore modify the order accordingly. Plaintiff seeks to hold Silvarole liable for punitive damages under a theory of vicarious liability. However, punitive damages are unavailable under such a theory absent limited circumstances not present here (see Dischiavi v Calli, 111 AD3d 1258, 1261-1262 [4th Dept 2013]; O'Connor v Kuzmicki, 14 AD3d 498, 499 [2d Dept 2005]).
Finally, we reject defendants' contention that the court erred in denying their cross motion with respect to plaintiff's alleged comparative negligence. "[T]he question of a plaintiff's comparative negligence almost invariably raises a factual issue for resolution by the trier of fact" (Gudenzi-Ruess v Custom Envtl. Sys., 212 AD2d 952, 953 [3d Dept 1995]; see Strassburg, 203 AD3d at 1736). Here, defendants argued that plaintiff was negligent per se because he failed to use the sidewalk that was available on the west side of the road, in violation of Vehicle and Traffic Law § 1156 (a), and failed to walk along the left side of the roadway, in violation of section 1156 (b). Although an unexcused violation of the Vehicle and Traffic Law constitutes negligence per se (see Habir v Wilczak, 191 AD3d 1320, 1321 [4th Dept 2021]; Heffernan v Logue, 40 AD2d 1071, 1071 [4th Dept 1972]), we conclude that defendants failed to establish that plaintiff violated those provisions of the Vehicle and Traffic Law. Section 1156 (a) requires that a pedestrian use an available sidewalk when it "may be used with safety," and [*3]section 1156 (b) requires that a pedestrian walk along the left side of the roadway "when practicable." Here, the evidence submitted by defendants established that plaintiff made a right-hand turn onto the road on which the accident occurred, heading northbound on the east side. The photographs submitted by defendants show that a sidewalk was available along the west side of the road, but they also demonstrate that there was no crosswalk or traffic signal that would have allowed plaintiff to safely cross to the west side before the location of the accident. Inasmuch as defendants failed to meet their initial burden by establishing prima facie that plaintiff was negligent based on his alleged violation of the relevant statutes, the court did not err in denying the cross motion with respect to plaintiff's comparative negligence (see Allen v Illes, 55 AD3d 1312, 1313 [4th Dept 2008]; see generally Zuckerman, 49 NY2d at 562).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court