O'Geen v McCausland (2024 NY Slip Op 01660)

O'Geen v McCausland

2024 NY Slip Op 01660

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

894 CA 23-00113

[*1]LISA O'GEEN, INDIVIDUALLY, AND AS SPOUSE AND ADMINISTRATOR OF THE ESTATE OF ROBERT M. O'GEEN, DECEASED, PLAINTIFF-RESPONDENT,
v
CHARLES P. MCCAUSLAND, DEFENDANT-APPELLANT. 

BURGIO, CURVIN & BANKER, BUFFALO, LEWIS BRISBOIS BISGAARD & SMITH, LLP, NEW YORK CITY (NICHOLAS P. HURZELER OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN WRIGHT LAW FIRM, PLLC, ROCHESTER (JOHN K. WRIGHT OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Ontario County (Brian D. Dennis, A.J.), entered January 10, 2023. The order granted the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part, striking from the first ordering paragraph the phrase "the sole proximate cause" and substituting therefor the phrase "a proximate cause," and reinstating the affirmative defense of comparative negligence, and as modified the order is affirmed without costs.
Memorandum: Plaintiff, individually and as the administrator of the estate of Robert M. O'Geen (decedent), commenced this wrongful death action arising from a motor vehicle accident in which a motorcycle operated by decedent was struck by a vehicle owned and operated by defendant. Plaintiff moved for partial summary judgment on the issues of liability and whether defendant's negligence was the sole proximate cause of the accident, as well as summary judgment dismissing, inter alia, defendant's affirmative defense of comparative negligence. Supreme Court granted the motion, determining that defendant's negligent operation of his vehicle was the sole proximate cause of the collision and decedent's serious injuries and resulting death. Defendant appeals.
Contrary to defendant's contention, the court properly granted that part of the motion with respect to the issue of defendant's liability. In seeking partial summary judgment on the issue of liability, plaintiff was required to establish that defendant "was negligent and that [his] negligence was a proximate cause of the accident" (Edwards v Gorman, 162 AD3d 1480, 1481 [4th Dept 2018]; see Lowes v Anas, 195 AD3d 1579, 1582 [4th Dept 2021]). A driver has a common-law duty to see that which the driver should have seen through the proper use of their senses (see Strassburg v Merchants Auto. Group, Inc., 203 AD3d 1735, 1736 [4th Dept 2022]). Additionally, Vehicle and Traffic Law § 1141 provides that "[t]he driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is . . . so close as to constitute an immediate hazard." Here, plaintiff established her prima facie entitlement to judgment as matter of law on the issue of defendant's liability by establishing that decedent had the right-of-way and was struck by defendant's vehicle while defendant was making a left-hand turn. Plaintiff submitted defendant's deposition testimony in which he testified that, despite having seen decedent's motorcycle approximately a "football field" away prior to making the turn, he either did not look to determine where the motorcycle was after waiting for an unrelated [*2]vehicle in the southbound lane to pass or, at best, simply failed to see the motorcycle prior to making the turn. In response, defendant failed to raise a triable issue of fact (see Webb v Scharf, 191 AD3d 1353, 1354 [4th Dept 2021]).
However, we agree with defendant that the court erred in determining that plaintiff met her initial burden on that part of the motion with respect to defendant's affirmative defense of comparative fault. Although "a driver who has the right-of-way is entitled to anticipate that drivers of other vehicles will obey the traffic laws requiring them to yield" (Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014]; see Vehicle and Traffic Law § 1142 [a]), a driver is nevertheless "bound to see what is there to be seen with the proper use of his or her senses" (Higashi v M & R Scarsdale Rest., LLC, 176 AD3d 788, 790 [2d Dept 2019]) and remains "bound to use such care to avoid [a] collision as an ordinarily prudent [driver] would have used under the circumstances" (Heltz, 115 AD3d at 1299 [internal quotation marks omitted]). Here, inasmuch as plaintiff failed to set forth any evidence that decedent was not negligent in the operation of his motorcycle, we conclude that she failed to meet her initial burden of "establishing a total absence of comparative negligence as a matter of law" (Brioso v City of Buffalo, 210 AD3d 1440, 1441 [4th Dept 2022] [internal quotation marks omitted]; see Strassburg, 203 AD3d at 1736; Reichmuth v Family Video Movie Club, Inc., 201 AD3d 1348, 1349 [4th Dept 2022]). In light of our determination, we necessarily conclude that the court erred in granting plaintiff's motion insofar as it sought summary judgment determining that defendant's negligence was the sole proximate cause of the accident. We therefore modify the order accordingly.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court